___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 2:22-cv-02249-FWS-RAO                                       Date: July 8, 2022
Title: Sylebra Capital Partners Master Fund Ltd, *et al.* v. Everbridge, Inc., *et al.*

___

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER APPOINTING LEAD PLAINTIFF AND APPROVING OF SELECTION OF COUNSEL [33][34][35]**

Before the court is Plaintiffs Sylebra Capital Partners Master Fund Ltd, Sylebra Capital Parc Master Fund, and Sylebra Capital Menlo Master Fund's (collectively, "Plaintiffs") Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel. (Dkts. 33-35 ("Motion" or "Mot.").)

The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); L. R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Based on the state of the record, as applied to the applicable law, the court **GRANTS** the Motion, **APPOINTS** Plaintiffs as lead plaintiff under the Private Securities Litigation Reform Act ("PSLRA"), and **APPROVES** Plaintiffs' selections of Labaton Sucharow as lead counsel and Robbins Geller Rudman & Dowd LLP as liaison counsel.

I.   **Background**

On April 4, 2022, Plaintiffs filed the Complaint in this action, alleging claims under the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a), and SEC Rule 10b-5, 17 C.F.R. § 240.10b-5. (Dkt. 1 ("Complaint" or "Compl.") ¶ 1.) Plaintiffs bring this action on

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-02249-FWS-RAO　　　　　　　　　　　　　　　　Date: July 8, 2022
Title: Sylebra Capital Partners Master Fund Ltd, *et al.* v. Everbridge, Inc., *et al.*

behalf of "all persons or entities who purchased or otherwise acquired" common stock in Everbridge, Inc. ("Everbridge") during the asserted "Class Period" beginning November 4, 2019, through February 24, 2022. (*Id.* ¶ 4.) Plaintiffs allege Everbridge is a "global software company that provides enterprise software applications to automate and accelerate organizations' operational response to 'critical events' in order to keep people safe and organizations running" that "engaged in an unusual buying spree, purchasing nine separate companies" before and during the Class Period. (*Id.* ¶¶ 5-6.) In summary, Plaintiffs' claims are based on allegations that Defendants Everbridge and its CEO David Meredith, CFO Patrick Brickley, and Executive Chairman of its Board of Directors Jamie Ellerson, made false and misleading statements and/or omissions to investors during the Class Period. (*Id.* ¶¶ 5-13, 15-20.)

Plaintiffs filed the Motion on June 3, 2022. (Dkts. 33-35.) There are no other lead plaintiff applications pending before the court, and no putative class members objected to the Motion. (Dkt. 43; *see generally* Dkt.)

**II.     Appointment of Lead Plaintiff**

The PSLRA, 15 U.S.C. § 78u-4, provides the court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members . . . ." 15 U.S.C. § 78u-4(a)(3)(B)(i). Under the PSLRA, all lead plaintiff applicants must submit a "sworn certification" setting forth several facts to ensure that an applicant is not a professional litigant, has suffered more than a nominal loss, and would be an adequate class representative if appointed. *Id.* § 78u-4(a)(2)(A).

Courts in the Ninth Circuit employ a three-step process to appoint a lead plaintiff in a case in which the PSLRA governs. *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002). "The first step consists of publicizing the pendency of the action, the claims made and the purported class period." *Id.* at 729 (citing 15 U.S.C. § 78u-4(a)(3)(A)). Second, "the district court must consider the losses allegedly suffered by the various plaintiffs before selecting as the 'presumptively most adequate plaintiff'-and hence the presumptive lead plaintiff-the one who 'has the largest financial interest in the relief sought by the class' and 'otherwise satisfies the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-02249-FWS-RAO                          Date: July 8, 2022
Title: Sylebra Capital Partners Master Fund Ltd, *et al.* v. Everbridge, Inc., *et al.*

requirements of Rule 23 of the Federal Rules of Civil Procedure.'" *Id.* at 729-30 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)). Third, the court "give[s] other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *Id.* at 730.

      A.      <u>Notice Requirement</u>

"The first plaintiff to file an action covered by the [PSLRA] must post this notice 'in a widely circulated national business-oriented publication or wire service.'" *Cavanaugh*, 306 F.3d at 729 (quoting 15 U.S.C. § 78u-4(a)(3)(A)(i)). "The notice must also state that 'any member of the purported class may move the court to serve as lead plaintiff.'" *Id.* (quoting 15 U.S.C. § 78u-4(a)(3)(A)(i)(II)).

In this case, the court notes a notice was published in *Business Wire* on April 4, 2022, announcing the filing of this action as a securities class action lawsuit. (*See* Dkt. 35 ("Myers Declaration" or "Myers Decl."), Exh. C.) An amended notice was published in *Business Wire* on April 6, 2022, reflecting essentially the same information. (*Id.*) Both notices contain the statutorily required information, including a description of the claims, proposed class period, and an advisement that potential class members may seek appointment as lead plaintiff. (*See id.*) The notice was filed the same day as the Complaint in this action, (see generally Compl.), comporting with the PSLRA's requirement that notice be provided within 20 days of the filing of a securities class action, 15 U.S.C. § 78u-4(a)(3)(A)(i). Based on the record, as applied to the applicable law, the court finds the PSLRA's notice requirement is satisfied. *See Hoang v. ContextLogic, Inc.*, 2022 WL 1539533, at *3 (N.D. Cal. May 16, 2022) (finding PSLRA's notice requirement was satisfied based on publication in *Business Wire* containing the statutorily required information).

///

///

///

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:22-cv-02249-FWS-RAO | Date: July 8, 2022 |
| Title: Sylebra Capital Partners Master Fund Ltd, *et al.* v. Everbridge, Inc., *et al.* | |

    B.    <u>Adequacy of Lead Plaintiff</u>

        1.  *Largest Financial Interest*

In assessing which lead plaintiff applicant is presumptively the most adequate, the court "compare[s] the financial stakes of the various plaintiffs and determine[s] which one has the most to gain from the lawsuit." *Cavanaugh*, 306 F.3d at 730. The court evaluates "each potential lead plaintiff's financial interest in the litigation" and may use "accounting methods that are both rational and consistently applied" to do so. *Id.* n.4.

Here, Plaintiffs submitted a sworn certification signed by Daniel Gibson, the Chief Investment Officer of Sylebra Capital and an authorized signatory for Plaintiffs, which sets forth the factual statements required by the PSLRA under 15 U.S.C. § 78u-4(a)(2)(A). (Myers Decl., Exh. A ("Gibson Declaration" or "Gibson Decl.").) Attached to the Gibson Declaration is a chart of Plaintiffs' transactions in Everbridge's common stock. (Gibson Decl., Exh. A.) Similarly, the Loss Chart attached to the Myers Declaration estimates Plaintiffs suffered total losses of approximately $68,458,190.38 during the Class Period based on those trades. (*See* Myers Decl., Exh. B.) Based on the record, the applicable law, and because no other proposed lead plaintiffs filed applications, the court finds Plaintiffs have sufficiently demonstrated that they suffered the largest financial loss.

        1.  *Rule 23(a) Typicality and Adequacy*

"Once the district court has determined that the movant with the largest stake has made a prima facie showing of adequacy and typicality, that movant 'becomes the presumptively most adequate plaintiff.'" *In re Mersho*, 6 F.4th 891, 899 (9th Cir. 2021) (citing *Cavanaugh*, 306 F.3d at 730). "Courts determine whether a plaintiff will adequately represent a class by answering two questions: (1) do the movant and its counsel have any conflicts of interest with other class members and (2) will the movant and its counsel prosecute the action vigorously on behalf of the class?" *Id.* at 899-900 (citations and internal quotation marks omitted). "The test of typicality is whether other members have the same or similar injury, whether the action is

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-02249-FWS-RAO                                         Date: July 8, 2022
Title: Sylebra Capital Partners Master Fund Ltd, *et al.* v. Everbridge, Inc., *et al.*

___

based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *A. B. v. Haw. State Dep't of Educ.*, 30 F.4th 828, 839 (9th Cir. 2022) (citation and internal quotation marks omitted).

The court finds Plaintiffs have made an adequate prima facie showing that they satisfy Rule 23(a)'s typicality and adequacy requirements. As to adequacy, the record does not reflect any conflicts of interest. Plaintiffs also allege significant losses of over 68 million dollars and propose appointing lead counsel with significant experience in securities class actions. (*See* Myers Decl., Exhs. B & D.) Accordingly, the court finds Plaintiffs and their counsel will prosecute this action vigorously on behalf of the putative class.

The court also finds Plaintiffs' claims are typical of those of proposed class. Like other putative class members, Plaintiffs purchased Everbridge common stock during the Class Period. (*See* Gibson Decl., Exh. A.) Plaintiffs allege that they acquired this stock at prices inflated by false and misleading representations and/or omissions, and suffered damages as a result. (*See generally* Compl.) Accordingly, Plaintiffs have made an adequate prima facie showing of Rule 23(a)'s requirements of typicality and adequacy.

    C.    <u>Rebuttal to the Presumption</u>

"At the third stage, the process turns adversarial and other plaintiffs may present evidence that disputes the lead plaintiff's prima facie showing of typicality and adequacy." *Cavanaugh*, 306 F.3d at 730. In this case, however, there are no other lead plaintiff applications besides Plaintiffs, and no objections have been filed. (Dkt. 43; *see generally* Dkt.) Accordingly, the court finds the presumption has not been rebutted, and thus the court **APPOINTS** Plaintiffs as lead plaintiff under the PSLRA.

**III.   Appointment of Lead Counsel**

After designating a lead plaintiff, the lead plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:22-cv-02249-FWS-RAO                                          Date: July 8, 2022
Title: Sylebra Capital Partners Master Fund Ltd, *et al.* v. Everbridge, Inc., *et al.*

to that choice." *Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) (citation omitted).

     Plaintiffs have selected Labaton Sucharow as its proposed lead counsel and Robbins Geller Rudman & Dowd LLP as liaison counsel. (Mot. at 6-7.) As noted above, Labaton Sucharow's firm resume reflects the firm's extensive experience as counsel in securities class actions. (Myers Decl., Exh. D.) Though Plaintiffs did not submit a similar resume for Robbins Geller Rudman & Dowd, the court observes that "[a] number of courts have found the firm qualified to conduct these actions." *See, e.g.*, *Scheller v. Nutanix, Inc.*, 2021 WL 2410832, at *8 (N.D. Cal. June 10, 2021). Accordingly, the court **APPROVES** Plaintiffs' selections.

**IV.  Disposition**

     For the reasons stated above, the court **APPOINTS** Plaintiffs as lead plaintiff under the PSLRA, and **APPROVES** Plaintiffs' selections of Labaton Sucharow as lead counsel and Robbins Geller Rudman & Dowd LLP as liaison counsel.

     The Clerk shall serve this minute order on the parties.

                                      Initials of Deputy Clerk:  mku

___