MICHAEL C. TU (State Bar No. 186793)
mctu@cooley.com
BENJAMIN B. SWEENEY (State Bar No. 313650)
bsweeney@cooley.com
COOLEY LLP
1333 2nd Street, Suite 400
Santa Monica, California 90401
Telephone:   (310) 883-6400
Facsimile:   (310) 883-6500

*Attorneys for Defendants*
*Everbridge, Inc., Patrick Brickley,*
*Jaime Ellertson, and David Meredith*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| SYLEBRA CAPITAL PARTNERS MASTER FUND LTD, SYLEBRA CAPITAL PARC MASTER FUND, AND SYLEBRA CAPITAL MENLO MASTER FUND, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>v.<br><br>EVERBRIDGE, INC., DAVID MEREDITH, PATRICK BRICKLEY, AND JAIME ELLERTSON,<br><br>Defendants. | Case No. 2:22-cv-2249-FWS-RAO<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>Date:       February 9, 2022<br>Time:       10:00 a.m.<br>Dept:       10D<br>Judge:      Hon. Fred W. Slaughter<br><br>*Date Action Filed:  April 4, 2022* |

COOLEY LLP
ATTORNEYS AT LAW

## REQUEST FOR JUDICIAL NOTICE

Defendants Everbridge, Inc. ("Everbridge" or the "Company"), Patrick Brickley, Jaime Ellertson, and David Meredith respectfully request that the Court take judicial notice, pursuant to Federal Rule of Evidence 201[1] and the incorporation by reference doctrine, of the following documents referenced below in connection with their Motion to Dismiss the First Amended Class Action Complaint (the "Motion"):

### SEC Filings

1.    Relevant excerpts[2] from Everbridge's Form 10-K for 2017, filed with the SEC on March 12, 2018, true and correct copies of which are attached hereto as **Exhibit 1**.

2.    Relevant excerpts from Everbridge's Form 10-K for 2018, filed with the SEC on March 1, 2019, true and correct copies of which are attached hereto as **Exhibit 2**.

3.    Relevant excerpts from Everbridge's Form 10-K for 2019, filed with the SEC on February 28, 2020, true and correct copies of which are attached hereto as **Exhibit 3**.

4.    Relevant excerpts from Everbridge's Form 10-Q for Q1 2020, filed with the SEC on May 8, 2020, true and correct copies of which are attached hereto as **Exhibit 4**.

---

[1] Federal Rule of Evidence 201 provides for judicial notice of any fact "not subject to reasonable dispute because it:  (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).

[2] In the interest of efficiency, defendants have submitted relevant excerpts of lengthy SEC filings.  Courts frequently take judicial notice of excerpted documents that are not in dispute. *See In re Nuko Info. Sys. Sec. Litig.*, 199 F.R.D. 338, 314 (N.D. Cal. 2000).  Defendants will readily provide complete documents to the Court upon request, and they are available online at www.sec.gov.

REQUEST FOR JUDICIAL NOTICE ISO MOTION TO DISMISS
CASE NO. 2:22-CV-2249-FWS-RAO

COOLEY LLP
ATTORNEYS AT LAW

5.      Relevant excerpts from Everbridge's Form 10-Q for Q2 2020, filed with the SEC on August 7, 2020, true and correct copies of which are attached hereto as **Exhibit 5**.

6.      Relevant excerpts from Everbridge's Form 10-K for 2020, filed with the SEC on February 26, 2021, true and correct copies of which are attached hereto as **Exhibit 6**.

7.      Everbridge's Form 8-K, filed with the SEC on April 6, 2021, a true and correct copy of which is attached hereto as **Exhibit 7**.

8.      Relevant excerpts from Everbridge's Form 10-Q for Q2 2021, filed with the SEC on August 9, 2021, true and correct copies of which are attached hereto as **Exhibit 8**.

9.      Relevant excerpts from Everbridge's Form 10-Q for Q3 2021, filed with the SEC on November 9, 2021, true and correct copies of which are attached hereto as **Exhibit 9**.

10.      Relevant excerpts from Everbridge's Form 10-K for 2021, filed with the SEC on February 25, 2022, true and correct copies of which are attached hereto as **Exhibit 10**.

### Press Releases & Transcripts

11.      A February 28, 2019 Transcript from Everbridge's Company Conference, a true and correct copy of which is attached hereto as **Exhibit 11**.

12.      An August 6, 2020 Earnings Call Transcript, a true and correct copy of which is attached hereto as **Exhibit 12**.

13.      An April 6, 2021 Press Release entitled, *Critical Event Management (CEM) Provider Everbridge to Acquire xMatters*, a true and correct copy of which is attached hereto as **Exhibit 13**.

14.      A May 10, 2021 Earnings Call Transcript, a true and correct copy of which is attached hereto as **Exhibit 14**.

15.    A November 9, 2021 Earnings Call Transcript, a true and correct copy of which is attached hereto as **Exhibit 15**.

16.    A December 9, 2021 Press Release entitled, *Everbridge Announces CEO Transition*, a true and correct copy of which is attached hereto as **Exhibit 16**.

17.    A December 13, 2021 Press Release entitled, *Cloud Technology Leader Boomi Names David Meredith as Chief Executive Office*, a true and correct copy of which is attached hereto as **Exhibit 17**.

18.    A February 24, 2022 Earnings Call Transcript, a true and correct copy of which is attached hereto as **Exhibit 18**.

The Court may properly take judicial notice of Exhibits 1–10 above because they are documents filed with the SEC.  It is well-settled that, in connection with a motion to dismiss, a court may take judicial notice of the contents of documents filed with the SEC, whether or not those documents are attached to the complaint.  *See Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (taking judicial notice of SEC filings); *In re Nuko*, 199 F.R.D. at 341 ("In a securities fraud action, the court may take judicial notice of public records outside the pleadings, including SEC filings."); *In re Wet Seal, Inc. Sec. Litig.*, 518 F. Supp. 2d 1148, 1158 (C.D. Cal. 2007) ("[T]he Court may properly take judicial notice of the SEC filings as public records of undisputed authenticity.").

The Court may also properly consider Exhibits 11–18, which consist of press releases and transcripts of earnings calls and conference presentations.  *See In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 814, 817 (C.D. Cal. 2004) ("[T]he Court may take judicial notice of press releases."); *Waterford Township Police v. Mattel, Inc.*, 321 F. Supp. 3d 1133, 1143 (C.D. Cal. 2018) (taking judicial notice of "publicly available transcripts from [defendant's] earnings calls"); *In re Wet Seal*, 518 F. Supp. 2d at 1157 (taking judicial notice of "conference call transcripts"). Consideration of these materials is further warranted on the ground that many are

referenced extensively throughout plaintiffs' First Amended Complaint.[3] *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (A document is "incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."); *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) ("We therefore hold that a district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies.").

For these reasons, defendants respectfully request that the Court take judicial notice of the documents referenced above in support of the Motion.

Dated: October 31, 2022

Respectfully Submitted,

COOLEY LLP

By: /s/ Michael C. Tu

Michael C. Tu

Attorneys for Defendants
Everbridge, Inc., Patrick Brickley, Jaime Ellertson, and David Meredith

---

[3] FAC ¶¶73, 329 (excerpting and discussing Ex. 11); *id.* ¶¶217–21 (excerpting and alleging misrepresentations in Ex. 13); *id.* ¶¶226–30 (excerpting and alleging misrepresentations in Ex. 14); *id.* ¶¶160–61, 242–45, 333 (excerpting and alleging misrepresentations in Ex. 15); *id.* ¶¶ 250–54 (characterizing Ex. 16 as "partial corrective disclosure"); *id.* 262–70 (characterizing Ex. 18 as further corrective disclosure).