**LABATON SUCHAROW LLP**
James W. Johnson (*pro hac vice*)
Michael H. Rogers (*pro hac vice*)
David J. Schwartz (*pro hac vice*)
Irina Vasilchenko (*pro hac vice*)
Nicholas Manningham (*pro hac vice*)
140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
jjohnson@labaton.com
mrogers@labaton.com
dschwartz@labaton.com
ivasilchenko@labaton.com
nmanningham@labaton.com

*Counsel for Lead Plaintiff and*
*Lead Counsel for the Proposed Class*

[Additional counsel appears on signature page]

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLEBRA CAPITAL PARTNERS MASTER FUND LTD, SYLEBRA CAPITAL PARC MASTER FUND, AND SYLEBRA CAPITAL MENLO MASTER FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EVERBRIDGE, INC., DAVID MEREDITH, PATRICK BRICKLEY, and JAIME ELLERTSON,<br><br>Defendants | **Case No.: 2:22-cv-02249-FWS-RAO**<br><br>CLASS ACTION<br><br>**LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT**<br><br>Date:      February 9, 2023<br>Time:      10:00 am<br>Courtroom:10D<br>Judge:     Hon. Fred. W. Slaughter |

Court-appointed Lead Plaintiff Sylebra Capital Partners Master Fund Ltd, Sylebra Capital Parc Master Fund, and Sylebra Capital Menlo Master Fund ("Lead Plaintiff") respectfully submits this memorandum in opposition to Defendants' Request for Judicial Notice in Support of Motion to Dismiss the First Amended Complaint ("RJN") (ECF No. 59), which was filed concurrently with Defendants' Motion to Dismiss the First Amended Complaint ("MTD" or "Motion"). ECF No. 58.[1]

## PRELIMINARY STATEMENT

Defendants attach 18 exhibits to their MTD, requesting that this Court consider them either because the Complaint incorporates them by reference or because the Court can take judicial notice of them. Defendants' use of these exhibits is improper, as they offer them for their truth to dispute the Complaint's well-pled allegations.

Although the incorporation-by-reference doctrine and judicial notice under Federal Rule of Evidence 201 are two exceptions to the general rule against considering material beyond the pleadings, the Ninth Circuit has recently highlighted "a concerning pattern in securities cases like this one: exploiting these procedures improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). Indeed, "[j]ust because [a] document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Id.* at 999. Likewise, "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Id.* at 1003. Here, Defendants' use of the incorporation-by-reference doctrine and judicial notice is improper on a motion to dismiss, when the Court "must accept as true all facts alleged in the complaint" and "must interpret the allegations and factual disputes ***in favor of***

---

[1] Citations to paragraphs ("¶ __" or "¶¶ __") are to paragraphs in the Amended Class Action Complaint for Violations of the Federal Securities Laws filed on September 16, 2022 (the "AC"). ECF No. 53. Unless otherwise noted, emphasis is added and internal citations and quotation marks are omitted throughout. "Defendants" collectively refers to Everbridge, Inc. ("Everbridge" or the "Company"), David Meredith, Patrick Brickley, and Jaime Ellertson.

*the plaintiff.*" *Id.* at 1003, 1014. To the extent that the Court considers any of these exhibits, it cannot assume the truth of the matter asserted therein.

At bottom, Defendants' MTD impermissibly establishishes a competing universe of facts and inferences to create the appearance of inconsistencies with the Complaint. The Court must reject Defendants' tactic. To the extent the Court considers Defendants' documents, it must consider them only for the limited purpose of determining what the documents stated and not for the truth of the matter asserted therein.

## ARGUMENT

## I.    LEGAL STANDARD

While judicial notice and incorporation by reference allow Defendants to introduce new documents at the pleading stage, they do not change the rule that when deciding a motion to dismiss courts must "accept[] plaintiffs' allegations as true." *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

Pursuant to the judicial notice doctrine, a court may take judicial notice of an adjudicative fact that "***is not subject to reasonable dispute***" and is either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Similarly, the incorporation by reference doctrine allows courts deciding a motion to dismiss to consider a document that is not attached to the complaint if the complaint "necessarily relies" on it and "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

Recent decisions in this Circuit have cautioned that courts should use these doctrines sparingly. In particular, as noted above, in *Khoja*, the Ninth Circuit denounced "a concerning pattern in securities cases like this one" of such

LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT CASE NO.: 2:22-CV-02249-FWS-RAO

2

"unscrupulous use of extrinsic documents [through these doctrines] to resolve competing theories against the complaint [which] risks premature dismissals of plausible claims that may turn out to be valid after discovery." 899 F.3d at 998. The Ninth Circuit explained, "[t]his risk is especially significant in SEC fraud matters, where there is already a heightened pleading standard, and the defendants possess materials to which the plaintiffs do not yet have access." *Id.* Accordingly, courts should be careful in applying these doctrines as "[i]ncorporation by reference and judicial notice are both grossly overused and regularly confused in motions to dismiss." *Williams v. Facebook*, 384 F. Supp. 3d 1043, 1051 (N.D. Cal. 2018).

Specifically, neither exception applies when the moving party is seeking to "advance defenses premised on the disputed [documents] . . . through either incorporation by reference or judicial notice on a motion to dismiss." *Id.* at 1052. The Ninth Circuit has repeatedly emphasized that a court "may not, on the basis of evidence outside of the [c]omplaint, take judicial notice of facts favorable to Defendants that could reasonably be disputed." *U.S. v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (rejecting request for judicial notice). Indeed, "if defendants are permitted to present their own version of the facts at the pleading stage, and district courts accept such facts as true, it would be 'near impossible' for even the most aggrieved plaintiff to demonstrate a plausible claim for relief." *In re Ocera Therapeutics, Inc. Sec. Litig.*, 2018 WL 7019481, at *4 (N.D. Cal. Oct. 16, 2018).

## II. DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE SHOULD BE DENIED TO THE EXTENT IT SEEKS TO NOTICE THE TRUTH OF THE EXHIBITS' CONTENTS

*Khoja* and its progeny demonstrate that the Ninth Circuit squarely rejects the type of tactical gamesmanship Defendants are engaging in, as Defendants are "not explaining or arguing the allegations in Plaintiffs' [complaint] – ***[they are] trying to factually rebut them***." *Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1031 (N.D. Cal. 2018). This is improper because, "[a]s *Khoja* makes clear, to grant the request for

LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT CASE NO.: 2:22-CV-02249-FWS-RAO

3

judicial notice would improperly convert this Rule 12(b)(6) motion into a motion for summary judgment under Rule 56." *Id.* Because Defendants proffer the exhibits solely to add disputed facts outside of the Complaint, and ask the Court to accept those facts as true, each of their requests must be denied.

### A. SEC Filings Used Solely to Rebut Plaintiff's Factual Allegations

Defendants introduce Exhibits 4 (May 8, 2020 Form 10-Q) and 5 (August 7, 2020 Form 10-Q) solely to rebut Lead Plaintiff's allegations that Defendants misled investors about the purpose of certain acquisitions, including the CNL Software and Connexient acquisitions. MTD at 26-27. For example, using Exhibit 4, Defendants ask the Court to assume the fact that they purchased CNL Software and Connexient to "broaden support for IoT applications." MTD at 27. This directly contradicts the Complaint's allegations that Defendants purchased these companies to boost the appareance of organic revenue. *See* ¶¶205-209. Therefore, the Court must not consider Exhibits 4 and 5 since they are being offered to rebut the Complaint's allegations about the purpose of these acquisitions.

Defendants also offer Exhibits 3 (February 28, 2020 Form 10-K), 6 (February 26, 2021 Form 10-K), and 10 (February 25, 2022 Form 10-K), to establish that the Company disclosed revenue from its acquisitions throughout the Class Period. MTD at 29-30. This stands in stark contrast to Lead Plaintiff's allegations that Everbridge's financial statements did not break out revenue by each acquired company, and that as a result, Defendants were able to mislead investors about the revenue contributions from certain acquisitions, including xMatters, and the extent to which acquired revenue was being used to mask increasingly stagnant organic revenue growth. *See, e.g.*, ¶¶90 and 237 (explaining that Everbridge did not disclose fiancials from each acquired company). Even more egregiously, Defendants fail to mention that Exhibit 10 was not released by Everbridge until February 25, 2022—the day after the end of the Class

LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT CASE NO.: 2:22-cv-02249-FWS-RAO

4

Period—rendering it meaningless to investors who were already damaged. *See* MTD Opp. at 16-17.[2]

### B.    Earnings And Conference Call Transcripts

Defendants use Exhibit 15, an earnings call transcript from November 9, 2021, to challenge Lead Plaintiff's allegations that Defendants had a "dismal third quarter [of 2021]" as a result of integration-related challenges. *See* MTD at 10, n.6. Defendants contend that because the Company raised its guidance for the year, the Company was not having a dismal third quarter. *Id.* This is improper because it is merely an attempt to rebut Lead Plaintiff's allegation to the contrary. The Complaint alleges Everbridge's third quarter was "dismal" based on several CW allegations and Defendants' post-Class Period statements admitting the lack of integration harmed sales. *See* ¶¶172-75, 262-67.

Similarly, Defendants offer Exhibits 11 (February 28, 2019 Transcript), and 12 (August 6, 2020 Earnings Call Transcript) to rebut Lead Plaintiff's allegations that the Company's acquisitions represented a change in strategy. *See* MTD at 25-28. However, as described above this directly conflicts with allegations contained in the Complaint. *See* supra, § II.A.

### C.    Third-Party Press Release

Defendants offer Exhibit 17, a third-party press release,  to show that Defendant Meredith "left [Everbridge] . . . to accept a CEO position at another industry-leading company." MTD at 12. However, this directly contradicts Lead Plaintiff's allegations that Meredith's departure was "highly suspicious," and connected to the fraud. *See* ¶¶ 323-26.

---

[2] To be clear, Lead Plaintiff does not object to the use of SEC filings for the limited purpose of determining what information was disclosed to investors during the Class Period, so long as the document is not being used for the truth of the matter asserted. For example, while the Court may consider Exhibits 4, 8, and 9 "for the sole purpose of determining what representations [Everbridge] made to the market," it cannot "take notice of the truth of any of the facts asserted in these documents." *Wochos v. Tesla, Inc.*, 2019 WL 1332395, at *2 (N.D. Cal. Mar. 25 2019).

## D.    Everbridge Press Releases

Defendants offer Exhibits 7 and 13 simply to dispute CW 1's allegations about Meredith's "buffer" statement. Using these exhibits, Defendants argue that "it is impossible to know what Meredith's supposed statement might have meant" and that Meredith could have been referring to other uncertainties at that stage of the xMatters deal. MTD at 14-15. However, this directly contradicts the Complaint's allegations that Meredith stated that the difference in revenue reported versus what was projected was to create a "buffer" to masquerade the declines in Everbridge's organic revenue. ¶¶130-33. The Court should reject this attempt to turn the MTD into a motion for summary judgment. *See also* MTD Opp. at 19-20.

Similarly, Defendants point to Exhibit 16 to contradict Lead Plaintiff's allegations concerning Defendant Meredith's departure, quoting a portion of the press release that stated that the resignation was not due to the Company's financial condition. MTD at 34, n. 33. This directly contradicts the Complaint's well-pled allegations that Meredith's abrupt departure was accompanied by suspicious circumstances showing that he was connected to the fraud. *See* MTD Opp. at 33.

## CONCLUSION

Because Defendants' RJN amounts to nothing more than a self-serving request to add new, disputed facts to the Complaint, it should be rejected.

Dated:        December 15, 2022        Respectfully submitted,

**LABATON SUCHAROW LLP**

By: */s/ James W. Johnson*

James W. Johnson (*pro hac vice*)
Michael H. Rogers (*pro hac vice*)
David J. Schwartz (*pro hac vice*)
Irina Vasilchenko (*pro hac vice*)
Nicholas Manningham (*pro hac vice*)

LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT CASE NO.: 2:22-cv-02249-FWS-RAO

6

140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
jjohnson@labaton.com
mrogers@labaton.com
dschwartz@labaton.com
ivasilchenko@labaton.com
nmanningham@labaton.com

*Counsel for Lead Plaintiff and
Lead Counsel for the Class*

**ROBBINS GELLER RUDMAN
& DOWD LLP**
Ryan A. Llorens (225196)
Danielle S. Myers (259916)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 231-1058
Facsimile: (619) 231-7423
ryanl@rgrdlaw.com
dmyers@rgrdlaw.com

*Liaison Counsel for the Class*

LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL
NOTICE IN SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT
CASE NO.: 2:22-CV-02249-FWS-RAO

7

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED:      December 15, 2022
            New York, New York


                                        /s/ *James W. Johnson*
                                        James W. Johnson

---