MICHAEL C. TU (State Bar No. 186793)
*mctu@cooley.com*
BENJAMIN B. SWEENEY (State Bar No. 313650)
*bsweeney@cooley.com*
COOLEY LLP
355 South Grand Street, Suite 900
Los Angeles, California 90071
Telephone:   (213) 561-3250
Facsimile:   (213) 561-3244

*Attorneys for Defendants*
*Everbridge, Inc., Patrick Brickley,*
*Jaime Ellertson and David Meredith*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| SYLEBRA CAPITAL PARTNERS MASTER FUND LTD, SYLEBRA CAPITAL PARC MASTER FUND, AND SYLEBRA CAPITAL MENLO MASTER FUND, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiffs, <br><br> v. <br><br> EVERBRIDGE, INC., DAVID MEREDITH, PATRICK BRICKLEY, AND JAIME ELLERTSON, <br><br> Defendants. | Case No. 2:22-cv-2249-FWS-RAO <br><br> **REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT** <br><br> Date:   March 9, 2023 <br> Time:   10:00 a.m. <br> Dept:   10D <br> Judge:   Hon. Fred W. Slaughter <br><br> *Date Action Filed:  April 4, 2022* |

COOLEY LLP
ATTORNEYS AT LAW

## **REPLY MEMORANDUM**

Defendants Everbridge, Inc. ("Everbridge" or the "Company"), Patrick Brickley, Jaime Ellertson, and David Meredith respectfully submit this reply memorandum regarding their Request for Judicial Notice ("RJN") in Support of Defendants' Motion to Dismiss (the "Motion") the First Amended Class Action Complaint (the "FAC").

\*     \*     \*

Despite filing a document that is labeled an "*Opposition*" to *Defendants' Request for Judicial Notice in Support of the Motion to Dismiss the Amended Complaint* ("RJN Opposition" or "RJN Opp."), plaintiffs' argument suggests that they do not actually oppose the Court taking ***judicial notice*** of the SEC filings, transcripts, and press releases attached as exhibits to the RJN.  *See* RJN Opp. at 5 n.2 ("To be clear, Lead Plaintiff does not object to the use of SEC filings for the limited purpose of determining what information was disclosed to investors during the Class[.]"); *id.* at 3 (seeking denial of RJN only "to the extent it seeks to notice the truth of the exhibits' contents").  These concessions should end the inquiry.

Rather than oppose the RJN, plaintiffs instead use their "opposition" to proceed to brief six pages of advocacy addressing ***how*** they believe the documents should be substantively considered by the Court in connection with defendants' Motion to Dismiss.  Their argument regarding how the Court should ***interpret*** and ***apply*** the facts – the vast majority of which plaintiffs do not actually dispute are appropriate for judicial reference – is offered in opposition to defendants' Motion to Dismiss, and clearly should have been made in their opposition to that Motion. Plaintiffs did not do so for the obvious reason that they have already reached the page limitations they are entitled to in opposing the Motion.  The RJN Opposition is essentially an improper and unsanctioned extension of six pages to plaintiffs' opposition to defendants' Motion to Dismiss.  This attempt to circumvent the (already-extended) page limitations set by the Court should be rejected and the

extraneous material disregarded or stricken.  *See* 10/24/22 Order Regarding Extension of Page Limits (ECF No. 57) at 2 ("Lead Plaintiff may file one brief in opposition to Defendants' forthcoming motion to dismiss of no more than thirty-five (35) pages."); *Eruchalu v. U.S. Bank, Nat'l Ass'n*, 2013 WL 6667702, at *3 (D. Nev. Dec. 17, 2013) (disregarding arguments made over page limit); *Jimena v. UBS AG Bank, Inc.*, 2011 WL 2551413, at *1 n.2 (E.D. Cal. June 27, 2011) (same).

In any event, the arguments that plaintiffs put forward in the RJN Opposition are without merit.[1]  Notwithstanding plaintiffs' inappropriate and unsupported imputations of supposed "gamesmanship," RJN Opp. at 3, defendants do ***not*** ask the Court to take judicial notice of the documents for the purpose of disputing any well-pled facts in the FAC.  Nor do defendants ask the Court to "take judicial notice of facts favorable to Defendants that could be reasonably disputed."  RJN Opp. at 3 (quoting *U.S. v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011)).  Rather, the RJN and its exhibits merely put the alleged misstatements and omissions that are alleged in the FAC itself in their appropriate context.

For instance, plaintiffs suggest that the Court should decline judicial notice of Exhibits 3, 6, and 10 to the RJN—Everbridge's publicly filed Form 10-Ks for 2019, 2020, and 2021—and the disclosures of "acquired" revenue contained within, because those disclosures "stand[] in stark contrast to" one of the FAC's core allegations, that such revenue was ***not*** disclosed.  RJN Opp. at 4.  This argument— which is essentially that plaintiffs should be permitted to characterize defendants' disclosures any way they see fit, without having any accountability to the ***actual*** disclosures that occurred—makes little sense and is without support in the case law. *See, e.g.*, *Or. Pub. Empl. Ret. Fund v. Apollo Group Inc.*, 774 F.3d 598, 607 (9th Cir. 2014) ("Plaintiffs' omissions theory fails to state a claim because the Defendants

---

[1] Despite purporting to seek denial of "each of [the RJN's] requests," RJN Opp. at 4, plaintiffs offer no explanation as to why Exhibits 1, 2, 8, 9, 14, or 18 should not be subject to judicial notice.  Any such argument is thus waived.  *See Pac Dawn LLC v. Pritzker*, 831 F.3d 1166, 1178 n.7 (9th Cir. 2016) (failure to contest an argument results in waiver).

clearly disclosed material information to investors[,] . . . [including in p]ublic filings readily available to Apollo's investors."); *Par Investment v. Aruba Networks, Inc.*, 681 F. App'x 618, 620, 620 n.1 (9th Cir. 2017) (dismissing allegations that defendant "failed to disclose certain information" on grounds that the information at issue was in fact disclosed in public SEC filings and other judicially noticeable materials).

Similarly unpersuasive is plaintiffs' insistence that the Court disregard Exhibits 11 and 12—transcripts from a February 28, 2019 conference and August 6, 2020 earnings call, respectively—because they "directly conflict[] with allegations contained in the Complaint." RJN Opp. at 5. As explained previously, RJN at 3, 4 n.3, courts routinely take judicial notice of such public-facing statements, and plaintiffs should not be permitted to "cherry-pick[] portions of Defendants' statements and ignore[e] others." *Xiaojiao Lu v. Align Tech., Inc.*, 417 F. Supp. 3d 1266, 1276 (N.D. Cal. 2019). Plaintiffs' suggestion is particularly poorly taken as relates to Exhibit 11, which reflects the ***full, unedited*** text of the statement upon which plaintiffs premise their strategy-related allegations.[2] Although plaintiff would no doubt prefer to ignore the portions of that statement that conflict with (and, indeed, preclude) their theory, they cannot do so.

Plaintiffs also appear to misunderstand defendants' reference to a number of other public statements and filings. For instance, Exhibits 4 and 5 are not offered to "rebut" any well-pled allegations regarding the purpose of particular acquisitions, RJN Opp. at 4, but instead to demonstrate the false dichotomy—between "buying revenue" or not—that the FAC seeks to portray in its highly selective and misleading recapitulation of the Company's public statements regarding M&A strategy.[3] *See* Mem. ISO MTD at 26–27. Similarly, Exhibits 7 and 13 are referenced merely to

---

[2] *See* discussion of this issue at Reply Mem. ISO MTD at 15.

[3] Exhibit 4 is also offered in support of defendants' argument regarding forward-looking statements and the Reform Act's safe harbor. *See* Mem. ISO MTD at 22 n.14, 24.

COOLEY LLP
ATTORNEYS AT LAW

3

demonstrate the deficiencies in the FAC's own allegations.[4]  Defendants are not asking the Court to **accept** as true that Meredith's supposed "buffer" comment was instead a reference to a revenue "haircut," or anything else for that matter.  *See id*. at 15 n.9.  Rather the point is that, based on what little is actually alleged in the FAC, no "reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged." *Brady v. Delta Energy*, 2022 WL 3643659, at *7 (C.D. Cal. Aug. 5, 2022) (Slaughter, J.) (internal quotation marks omitted); *see also* Reply Mem. ISO MTD at 4–5.  As for Exhibit 15, the unrebutted fact that Everbridge later reported having exceeded revenue guidance for Q3 2021 casts further doubt on plaintiffs' contention that defendants would have been personally aware of particular integration-related issues occurring at the time.  *See* Mem. ISO MTD at 10 (discussing inapplicability of "core operations" theory; Reply Mem. ISO MTD at 6–7 (similar).

Finally, plaintiffs take issue with defendants' request for judicial notice of Exhibits 16 and 17, purportedly because they "contradict[] the [FAC's] well-pled allegations that Meredith's departure was accompanied by suspicious circumstances."  RJN Opp. at 6; *id*. at 5.  However, there are no "well-pled allegations" to contradict here—plaintiffs simply assert, ostensibly on the basis of publicly available information, FAC ¶¶323–26, that Meredith's departure was "suspicious," without offering any explanation or substantiation for that characterization.  *See* Reply ISO MTD at 7.  Defendants are entitled to bring that same publicly available information to the Court's attention.  This is particularly so for Exhibit 16, which plaintiffs allege functioned as an alleged "partial corrective disclosure/materialization of the risk."  FAC ¶¶288–96; *see* Reply Mem. ISO MTD at 19.  The suggestion that defendants should somehow be precluded from raising the content of that same document in their Motion to Dismiss is disingenuous and not

---

[4] Again, these exhibits are also cited in support of defendants' forward-looking statement argument.  *See* Mem. ISO MTD at 31.

well-taken.

Dated:  January 17, 2022

Respectfully Submitted,

COOLEY LLP

By: _____ */s/ Michael C. Tu* _____
           Michael C. Tu

Attorneys for Defendants
Everbridge, Inc., Patrick Brickley, Jaime
Ellertson, and David Meredith