MICHAEL C. TU (State Bar No. 186793)
*mctu@cooley.com*
RYAN E. BLAIR (State Bar No. 246724)
*rblair@cooley.com*
JANELLE M. FERNANDES (State Bar No. 322217)
*jfernandes@cooley.com*
COOLEY LLP
355 South Grand Avenue, Suite 900
Los Angeles, California 90071
Telephone:   (310) 883-6400
Facsimile:    (310) 883-6500

*Attorneys for Defendants*
*Everbridge, Inc., Patrick Brickley,*
*Jaime Ellertson, and David Meredith*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| SYLEBRA CAPITAL PARTNERS MASTER FUND LTD, SYLEBRA CAPITAL PARC MASTER FUND, AND SYLEBRA CAPITAL MENLO MASTER FUND, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiffs, <br><br> v. <br><br> EVERBRIDGE, INC., DAVID MEREDITH, PATRICK BRICKLEY, AND JAIME ELLERTSON, <br><br> Defendants. | Case No. 2:22-cv-2249-FWS-RAO <br><br> **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT** <br><br> Date:   December 7, 2023 <br> Time:   10:00 a.m. <br> Dept:   10D <br> Judge:  Hon. Fred W. Slaughter <br><br> *Date Action Filed:  April 4, 2022* |

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ..................................................................................... 1

II.   DISCUSSION ......................................................................................... 1

    A.    The Court Should Consider Documents Incorporated by Reference into the Complaint (Exhibits 3–5, 7–8, 11, 13–16, and 18–21) ................................................................................................ 3

        1.    Documents Containing the Challenged Statements and the Alleged Corrective Disclosures Are Incorporated by Reference (Exhibits 4–5, 7–8, 13–16, and 18–21). .................... 3

        2.    Documents that Form the Basis of Plaintiffs' Claims Are Incorporated by Reference (Exhibits 3 and 11). ........................ 5

    B.    Judicial Notice of Exhibits 1–2, 6, 9–10, 12, and 17 Is Proper. .......... 8

    C.    The Court May Also Take Judicial Notice of Documents Incorporated by Reference Into the SAC. ........................................... 10

III.  CONCLUSION ...................................................................................... 11

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*In re Apple Inc. Device Performance Litig.*,
386 F. Supp. 3d 1155 (N.D. Cal. 2019).................................................................5

*In re Apple Inc. Sec. Litig.*,
2020 WL 2857397 (N.D. Cal. June 2, 2020) .............................................4, 5, 9

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ............................................................................................2

*In re Century Aluminum Co. Sec. Litig.*,
749 F. Supp. 2d 964 (N.D. Cal. 2010)................................................................10

*City of Roseville Emps.' Ret. Sys. v. Sterling Fin. Corp.*,
963 F. Supp. 2d 1092 (E.D. Wash. 2013) ............................................................3

*Crews v. Rivian Auto., Inc.*,
2023 WL 3050081 (C.D. Cal. Feb. 16, 2023)......................................................8

*Daniels-Hall v. Nat'l Educ. Ass'n*,
629 F.3d 992 (9th Cir. 2010).................................................................................2

*Dreiling v. Am. Express Co.*,
458 F.3d 942 (9th Cir. 2006)............................................................................8, 9

*In re Eventbrite, Inc. Sec. Litig.*,
2020 WL 2042078 (N.D. Cal. Apr. 28, 2020) ....................................................2

*In re Facebook, Inc. Sec. Litig.*,
405 F. Supp. 3d 809 (N.D. Cal. 2019)..................................................................9

*Golub v. Gigamon Inc.*,
2019 WL 4168948 (N.D. Cal. Sep. 3, 2019)........................................................2

*In re Google Assistant Priv. Litig.*,
457 F. Supp. 3d 797 (N.D. Cal. 2020)................................................................10

*Heliotrope Gen., Inc. v. Ford Motor Co.*,
189 F.3d 971 (9th Cir.1999) ...............................................................................10

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Homestore.com, Inc. Sec. Litig.*,
 347 F. Supp. 2d 814 (C.D. Cal. 2004)................................................................9

*Jones v. Micron Tech. Inc.*,
 400 F. Supp. 3d 897 (N.D. Cal. 2019)...............................................................3

*In re KalobiosPharms., Inc. Sec. Litig.*,
 258 F. Supp. 3d 999 (N.D. Cal. 2017)...............................................................8

*Khoja v. Orexigen Therapeutics, Inc.*,
 899 F.3d 988 (9th Cir. 2018).............................................................3, 4, 5, 8

*MGIC Indem. Corp. v. Weisman*,
 803 F.2d 500 (9th Cir. 1986)..............................................................................8

*Mulquin v. Nektar Therapeutics*,
 2020 WL 7773580 (N.D. Cal. Dec. 30, 2020) ...................................................5

*In re Nuko Info. Sys. Sec. Litig.*,
 199 F.R.D. 338 (N.D. Cal. 2000) .......................................................................9

*In re NVIDIA Corp. Sec. Litig.*,
 768 F.3d 1046 (9th Cir. 2014)............................................................................3

*Park v. GoPro, Inc.*,
 2019 WL 1231175 (N.D. Cal. Mar. 15, 2019) ...................................................5

*Patel v. Parnes*,
 253 F.R.D. 531 (C.D. Cal. 2008) .......................................................................4

*Plevy v. Haggerty*,
 38 F. Supp. 2d 816 (C.D. Cal. 1998)..................................................................8

*ScripsAmerica, Inc. v. Ironridge Glob. LLC*,
 119 F. Supp. 3d 1213 (C.D. Cal. 2015).........................................................8, 10

*Sprewell v. Golden State Warriors*,
 266 F.3d 979 (9th Cir. 2001)..............................................................................2

*In re Stac Elecs. Sec. Litig.*,
 89 F.3d 1399 (9th Cir. 1996)..............................................................................4

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
 551 U.S. 308 (2007) ....................................................................................... 1, 2

*United States v. Ritchie*,
 342 F.3d 903 (9th Cir. 2003) ........................................................................ 2, 3

*Von Saher v. Norton Simon Museum of Art at Pasadena*,
 592 F.3d 954 (9th Cir. 2009) ...................................................................... 8, 10

*Waterford Twp. Police v. Mattel, Inc.*,
 321 F. Supp. 3d 1133 (C.D. Cal. 2018) ............................................................. 9

*In re Wet Seal, Inc. Sec. Litig.*,
 518 F. Supp. 2d 1148 (C.D. Cal. 2007) ......................................................... 5, 9

*Wietschner v. Monterey Pasta Co.*,
 294 F. Supp. 2d 1102 (N.D. Cal. 2003) ............................................................. 3

*Wochos v. Tesla, Inc.*,
 2018 WL 4076437 (N.D. Cal. Aug. 27, 2018) ................................................... 6

*Xiaojiao Lu v. Align Tech., Inc.*,
 417 F. Supp. 3d 1266 (N.D. Cal. 2019) ............................................................. 4

**Statutes**

Fed. R. Evid. 201 ...................................................................................... 1, 3, 8

Fed. R. Civ. P. 12(b)(6) .................................................................................... 2

Private Securities Litigation Reform Act of 1995 ...................................................... 1

Pursuant to the incorporation by reference doctrine and Federal Rule of Evidence 201, defendants Everbridge, Inc. ("Everbridge" or the "Company"), Patrick Brickley, Jaime Ellertson, and David Meredith request that the Court incorporate by reference and/or take judicial notice of the documents listed below, submitted in support of defendants' concurrently filed Motion to Dismiss the Second Amended Complaint (the "Motion"). All exhibits are attached to the Declaration of Michael C. Tu in support of defendants' Motion ("Tu Declaration" or "Tu Decl."), filed concurrently herewith.[1]

## I.   INTRODUCTION

Defendants respectfully request that the Court consider and take judicial notice of the Court consider Exhibits 1–21, listed in **Appendix A**, because they provide the Court with necessary context to determine whether plaintiffs have adequately pled a securities fraud claim. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Both Congress and the Supreme Court, recognizing the livelihoods and professional reputations that are at stake in securities fraud cases, require that courts should ignore conclusory allegations and to consider documents and information incorporated by reference or subject to judicial notice. *Id.* As described below, Exhibits 1–21 are either incorporated by reference into the SAC or are proper subjects of judicial notice under Federal Rule of Evidence 201.

## II.   DISCUSSION[2]

As the Supreme Court has mandated, in deciding motions to dismiss fraud claims under the Private Securities Litigation Reform Act of 1995, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily

---

[1] All exhibits attached to the Tu Declaration have been highlighted for the Court's convenience, and certain exhibits have been excerpted. All "¶__" references are to paragraph numbers in Plaintiff's Second Amended Complaint. Dkt. No. 84 (the "SAC"). All emphasis is added, unless otherwise noted.

[2] The Court already has taken judicial notice of a vast majority of the exhibits. Dkt. No. 79 at 15 (the "Order"). For this reason, as well as the reasons outlined below, the Court should consider Exhibits 1–21 because they are proper subjects of judicial notice and/or the incorporation by reference doctrine.

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES

examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Id.*; *see United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment.").

And while ***well-pleaded*** allegations are accepted as true for purposes of a motion to dismiss, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007), it is imperative that courts not allow plaintiffs may not use this principal as a license to make (or make up) allegations with impunity. *See Golub v. Gigamon Inc.*, 2019 WL 4168948, at *6 (N.D. Cal. Sep. 3, 2019) (finding that courts need not "accept as true allegations that contradict matters properly subject to judicial notice" at the motion to dismiss stage) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)). The Court is "not . . . required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). The Court is entitled-and in fact, required—to have the full context surrounding plaintiffs' allegations at its disposal. *Tellabs*, 551 U.S. at 322. Where, as here, plaintiffs' allegations are conclusory, as opposed to well-pled, the Court is not prevented "from using the doctrines of judicial notice or incorporation by reference to create factual disputes[.]" *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, *7 (N.D. Cal. Apr. 28, 2020). "Moreover, nothing . . . prevents this Court from analyzing an alleged false statement in context." *Id.*

For the reasons discussed below, Exhibits 1–21—which include Everbridge's publicly available filings with the U.S. Securities Exchange Commission ("SEC"), press releases, and transcripts of earnings calls and conferences, are each properly

considered in deciding the Motion under either the incorporation by reference doctrine or judicial notice pursuant to Federal Rule of Evidence 201.

### A. The Court Should Consider Documents Incorporated by Reference into the Complaint (Exhibits 3–5, 7–8, 11, 13–16, and 18–21).

The well-established incorporation by reference doctrine permits courts to "assume an incorporated document's contents are true for purposes of a motion to dismiss," and "treat[] certain documents as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998, 1002–03 (9th Cir. 2018). Specifically, incorporation by reference is appropriate where "the plaintiff refers extensively to the document *or* the document forms the basis of the plaintiff's claim." *Id.* at 1002 (quoting *Ritchie*, 342 F.3d at 908). This includes documents that are "necessary to [p]laintiffs' allegations, even if not explicitly referenced in the [c]omplaint." *Wietschner v. Monterey Pasta Co.*, 294 F. Supp. 2d 1102, 1109 (N.D. Cal. 2003). "'Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties-and the Court-are free to refer to any of its contents.'" *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) (quoting *City of Roseville Emps.' Ret. Sys. v. Sterling Fin. Corp.*, 963 F. Supp. 2d 1092, 1107 (E.D. Wash. 2013)). The reason for this rule is well-settled: "to prevent plaintiffs from highlighting only the portions of certain documents that support their claims, while omitting portions of those documents that weaken their claims." *Jones v. Micron Tech. Inc.*, 400 F. Supp. 3d 897, 905 (N.D. Cal. 2019); *see also Orexigen*, 899 F.3d at 1003 ("[T]he incorporation-by-reference doctrine is designed to prevent artful pleading by plaintiffs[.]"). That is exactly what plaintiffs attempt to do here.

### 1. Documents Containing the Challenged Statements and the Alleged Corrective Disclosures Are Incorporated by Reference (Exhibits 4–5, 7–8, 13–16, and 18–21).

Plaintiffs claim that defendants "misled the investing public about the ostensible purpose of" Everbridge's acquisitions that occurred during the alleged

class period, failed to integrate the acquired companies, and used the acquired revenue from the target companies to create the false appearance of organic revenue, ultimately misleading the public by "cover[ing] up the significant problems Everbridge encountered as a result of Defendants' failure to integrate these acquisitions." ¶¶1–2. The sources of these alleged misstatements, as well as the alleged corrective disclosures, unequivocally "form the basis of [plaintiffs'] claims." *Orexigen*, 899 F.3d at 1004–05 (documents containing alleged misrepresentations and corrective disclosures form the basis of a Section 10(b) claim and are subject to incorporation by reference); *see Patel v. Parnes*, 253 F.R.D. 531, 545 (C.D. Cal. 2008) ("Courts may consider securities offering and corporate disclosure documents referenced in a complaint."); *In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at *5 (N.D. Cal. June 2, 2020) (same).

The SAC does not merely mention Exhibits 4–5, 7–8, 13–16, and 18–21. To the contrary, the SAC maintains that Everbridge's SEC filings (Exhibits 4–5, 7–8) and transcripts of Everbridge's earnings calls and conferences (Exhibits 13–16, 18–21) contain the very challenged statements that make up "Defendants' False and Misleading Statements." SAC at pp. 1, 78; *see* Appendix A. Accordingly, the Court must consider these exhibits in their entirety under the incorporation by reference doctrine because the alleged false or misleading statements "must be analyzed in context." *In re Stac Elecs. Sec. Litig.,* 89 F.3d 1399, 1405 n.4, 1408–09 (9th Cir. 1996). To evaluate the challenged statements without their necessary context otherwise permits plaintiffs to "cherry-pick[] portions of . . . statements and ignor[e] other[s]." *Xiaojiao Lu v. Align Tech., Inc.*, 417 F. Supp. 3d 1266, 1276 (N.D. Cal. 2019); *Orexigen*, 899 F.3d at 1002. This is precisely what plaintiffs do in the SAC and this strategy should be rejected. *See infra* Section II.A.2.

Additionally, plaintiffs allege Exhibits 16 and 18 "revealed" the "truth" to investors. ¶¶34–39. These alleged corrective disclosures also form the basis of plaintiffs' claims and are therefore incorporated by reference. *Patel*, 253 F.R.D. at

545 ("Courts may consider securities offering and corporate disclosure documents referenced in a complaint."); *Apple*, 2020 WL 2857397, at * 5; *Park v. GoPro, Inc.*, 2019 WL 1231175, at *6 (N.D. Cal. Mar. 15, 2019) (incorporating documents by reference that allegedly "revealed the truth after the misleading statements").

**2. Documents that Form the Basis of Plaintiffs' Claims Are Incorporated by Reference (Exhibits 3 and 11).**

Exhibits 3 and 11 are incorporated by reference into the SAC because they are either extensively referenced or otherwise form the basis of plaintiffs' claims.[3] *Orexigen*, 899 F.3d at 1003. A single cite may be "extensive" if it is "relatively lengthy." *Id.* In fact, even if a particular document is not explicitly referenced in the SAC, it can be incorporated by reference if it is the SAC is "predicated upon" a document. *In re Wet Seal, Inc. Sec. Litig.*, 518 F. Supp. 2d 1148, 1159 (C.D. Cal. 2007) (considering a document "even if the plaintiff's complaint d[id] not explicitly refer to it"); *see In re Apple Inc. Device Performance Litig.*, 386 F. Supp. 3d 1155, 1165 (N.D. Cal. 2019) ("[A] document may be incorporated even if it is never referenced directly in the complaint if the claim necessarily depended on the document."). Further, documents that a plaintiff relies on to allege why challenged statements are misleading form the basis of a plaintiff's claims and are therefore incorporated by reference. *See Mulquin v. Nektar Therapeutics*, 2020 WL 7773580, at *6 (N.D. Cal. Dec. 30, 2020) ("Given Plaintiffs' extensive reliance on this document to detail the bases for the alleged falsity in Defendants' statements, the Court finds it incorporated by reference."). As such, it is critical that the Court consider Exhibits 3 and 11 in their entirety because they "constitute the subject matter

---

[3] Exhibits 4–5, 7–8, 13–16, and 18–21 are similarly situated. Plaintiffs extensively quote and rely on these exhibits to form the basis of their fraud claims. *See supra* Section II.A.1; Appendix A. For example, plaintiffs emphasize certain statements made by Brickley during the May 10, 2021, earnings call regarding Everbridge's "expectations for the financial contribution from xMatters[.]" ¶¶147–48. But plaintiffs omit statements in the same document disclosing that Everbridge's "actual results may differ materially from the projections described" in the "forward-looking statements regarding future events" made during the earnings call. Ex. 14 at 4.

of [plaintiffs'] claim[s]: [Everbridge's] public statements." *Wochos v. Tesla, Inc.*, 2018 WL 4076437, at *2 (N.D. Cal. Aug. 27, 2018). These documents include:

- **Everbridge's 2019 Form 10-K, dated Feb. 28, 2020 (Ex. 3).** Plaintiffs extensively quote and rely on Everbridge's 2019 Form 10-K as the basis for the claim that the "investing public understood the importance of the CEM suite to Everbridge's future growth" in light of defendants' public disclosure that a "'key element of its growth strategy' was maintaining Everbridge's leadership in the CEM market[.]" ¶75 (cleaned up). Additionally, the SAC relies on Exhibit 3 to suggest that Ellertson publicly disclosed to investors that Everbridge "had strong organic growth." ¶382. These claims are the foundation for plaintiffs' larger theory that "Defendants used the *acquired revenue* from [acquired] target companies to create the false appearance of *organic revenue* growth in the minds of the investors comprising the Class." ¶¶1, 3–6.

- **Everbridge's Conference Transcript, dated Feb. 28, 2019 (Ex. 11).** Beyond just a mere mention, Exhibit 11 forms the lynchpin of plaintiffs' (faulty) theory of fraud. Specifically, plaintiffs extensively quote statements made by Ellertson at the Company's conference presentation to form the basis of their allegation that Everbridge concealed "the Company's actual growth strategy," ¶383, by claiming to not "buy revenue" in the form of "acquir[ing] companies simply for the short-term revenue boost." ¶¶83, 377. Exhibit 11 provides necessary context to plaintiffs' conclusory claim that defendants "led investors to believe that the Company's organic revenue was growing more than it actually was." ¶4; *see also* Order at 15 ("Everbridge's yearly 10-K filings disclosed revenue attributable to its acquisitions.").

Incorporation by reference is particularly necessary here where the SAC purposefully omits key portions of these documents that undermine plaintiffs' theory

of fraud.  For example, Exhibit 3 discloses the breakdown of revenue from acquired companies, which squarely contradicts plaintiffs' assertion that defendants did not disclose the breakdown between "organic" and "acquired" revenue.  Ex. 3 at 79; ¶¶26, 237.  Similarly, plaintiffs claim that Everbridge was merely "buy[ing] revenue," ¶83, is contradicted by Exhibit 11, wherein Ellertson made clear that Everbridge does not just simply "buy revenue," but rather "buy[s] into a market" to "expand [Everbridge's] addressable market."  Ex. 11 at 9-10.  Plaintiffs cannot purposefully exclude such language just because it directly contradicts plaintiffs' theory of fraud and proves that the Company warned of the various risks associated with their revenue projections and acquisition strategy.

As another example, plaintiffs allege that defendants falsely claimed they were successfully integrating despite "experiencing significant integration problems." ¶¶163–64.  Simultaneously, plaintiffs selectively omit statements from Exhibit 3, as well as various other SEC filings, that fully disclose the potential difficulties and risks involved with integrating its acquisitions.  Ex. 3 at 28 (explaining that the Company's "strategy includes pursuing acquisitions, and [Everbridge's]  potential inability to successfully integrate newly-acquired technologies, assets or businesses may harm [its] financial results"); *see also* Ex. 4 at 50 (warning of risks associated with the "ability to successfully manage and integrate our previous acquisitions and any future acquisitions of businesses, including the recent acquisitions of Connexient, CNL Software, and one2many"); Ex. 5 at 55 (same); Ex. 8 at 56 (warning of risks that "key assumptions" relating to "the acquisitions of xMatters, RedSky, Connexient, CNL Software, one2many, Techwan, and SnapComms Limited . . . will not materialize or will vary significantly from actual results"); Ex. 9 at 59 (noting how "[a]cquisitions could disrupt [Everbridge's] business and harm [its] financial condition and operating results").

This is precisely the purpose of the incorporation by reference doctrine—to "prevent[] plaintiffs from selecting only portions of documents that support their

claims, while omitting portions of those very documents that weaken-or doom-their claims." *Orexigen*, 899 F.3d at 1002; *see Crews v. Rivian Auto., Inc.*, 2023 WL 3050081, at *8 (C.D. Cal. Feb. 16, 2023).

### B.    Judicial Notice of Exhibits 1–2, 6, 9–10, 12, and 17 Is Proper.

While fourteen of defendants' twenty-one exhibits are incorporated by reference in the SAC, the Court may also consider the remaining seven exhibits because they are proper subjects of judicial notice. Federal Rule of Evidence 201 authorizes a court to take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Distinct from the doctrine of incorporation by reference, judicial notice extends to "matters of public record ***outside*** the pleadings." *Plevy v. Haggerty*, 38 F. Supp. 2d 816, 820–21 (C.D. Cal. 1998) (citing *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)). This serves to "indicate what was in the public realm at the time, not whether the contents of those articles were in fact true." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2009); *see Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (courts may consider "any matter subject to judicial notice, such as SEC filings" on a motion to dismiss). As such, the Court should take judicial notice of Exhibits 1–2, 6, 9–10, 12, and 17 to show "what was in the public realm at the time." *In re KalobiosPharms., Inc. Sec. Litig.*, 258 F. Supp. 3d 999, 1004 (N.D. Cal. 2017); *see ScripsAmerica, Inc. v. Ironridge Glob. LLC*, 119 F. Supp. 3d 1213 (C.D. Cal. 2015) ("Taking judicial notice of news reports and press releases is appropriate to show 'that the market was aware of the information contained in news articles.'").

**SEC Filings (Exhibits 1–2, 6, and 9–10).** Exhibits 1–2, 6, and 9–10 are true and accurate copies of Everbridge's Forms 10-K and 10-Q filed with the SEC. *See* Tu Decl. at ¶¶3, 4, 8, 11, 12. Defendants seek judicial notice of these exhibits not for the truth of the matter asserted, but for the fact that Defendants made certain disclosures to the market on specific dates. *See* Order at 2. Indeed, "[c]ourts

routinely take judicial notice of SEC filings in securities cases where authenticity is not disputed because their accuracy cannot reasonably be questioned." *Apple*, 2020 WL 2857397, at *6; *see, e.g.*, *Dreiling*, 458 F.3d at 946 n.2 (taking judicial notice of SEC filings); *In re Wet Seal*, 518 F. Supp. 2d at 1158 ("[T]he Court may properly take judicial notice of the SEC filings as public records of undisputed authenticity."); *In re Nuko Info. Sys. Sec. Litig.*, 199 F.R.D. 338, 341 (N.D. Cal. 2000) ("In a securities fraud action, the court may take judicial notice of public records outside the pleadings, including SEC filings."). Therefore, judicial notice of Exhibits 1–2, 6, and 9–10 is proper.

**Earnings Calls Transcripts (Exhibit 12).** Exhibit 12 is a true and correct copy of Everbridge's earnings call and conference call transcripts. Tu Decl. at ¶14. Defendants do not seek judicial notice of this document for the truth of its contents, but instead to provide context as to what defendants stated publicly and when. This is proper because courts regularly take judicial notice of publicly available transcripts of earnings calls and conferences. *See* Order at 2 (granting judicial notice of statements made to the market). *See, e.g.*, *Waterford Twp. Police v. Mattel, Inc.*, 321 F. Supp. 3d 1133, 1143 (C.D. Cal. 2018) (taking judicial notice of "publicly available transcripts from [defendant's] earnings calls"); *Wet Seal*, 518 F. Supp. 2d at 1157 (taking judicial notice of "conference call transcripts"); *In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d 809, 827 (N.D. Cal. 2019) (judicial notice appropriate for publicly available transcripts of conference calls). Thus, judicial notice of Exhibits 12 is proper.

**Press Releases (Exhibit 17).** Exhibit 17 is a true and correct copy of a press release that is publicly available online. Tu Decl. at ¶19. Defendants do not seek judicial notice of Exhibit 17 for the truth of the matter asserted, but instead for what was in the public domain and when. Courts routinely take judicial notice of press releases that are publicly available on a company's website. *See, e.g.*, *Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 814, 817 (C.D. Cal. 2004) ("[T]he

Court may take judicial notice of press releases."); *In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d 797, 813–14 (N.D. Cal. 2020).

### C.   The Court May Also Take Judicial Notice of Documents Incorporated by Reference Into the SAC.

As discussed above, Exhibits 3–5, 7–8, 11, 13–16, and 18–21 are properly incorporated by reference into the Complaint. *See supra*, Section II.A.  Nevertheless, even if the Court finds that any of these exhibits are not incorporated by reference (they are), the Court may still consider them because they are the proper subjects of judicial notice.

**SEC Filings (Exhibits 3–5, 7–8).**  As discussed above, courts routinely take judicial notice of a company's publicly available SEC filings. *See supra*, Section II.B.  Exhibits 3–5, and 7–8 include Everbridge's Forms 10-K, 10-Q, and 8-K filed with the SEC and are judicially noticeable.

**Earnings Calls and Conference Transcripts (Exhibits 11, 14–15, and 18–21).**  The Court may also take judicial notice of publicly available transcripts of earnings calls and conferences and presentations. *See supra*, Section II.B.; *see also In re Century Aluminum Co. Sec. Litig.*, 749 F. Supp. 2d 964, 979-80 (N.D. Cal. 2010).  Exhibits 11, 14–15, and 18–21 are transcripts of Everbridge's earnings calls and conference calls, all of which are judicially noticeable, as they "indicate what was in the public realm at the time," including Defendants' publicly expressed beliefs. *Von Saher*, 592 F.3d at 960.

**Press Releases (Exhibits 13 and 16).**  Courts regularly take judicial notice of publicly available press releases, such as Exhibits 13 and 16. *See supra*, Section II.B.; Order at 2 (previously granting judicial notice of Exhibit 13).  Indeed, "[t]aking judicial notice of . . . press releases is appropriate to show 'that the market was aware of the information contained in news articles.'" *ScripsAmerica,* 119 F. Supp. 3d at 1231 (quoting *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir.1999)).  Judicial notice of Exhibits 16 and 17 is therefore relevant and appropriate

to this Court's analysis of what the market knew and when.

## III.  CONCLUSION

For the reasons stated above, Defendants respectfully ask that the Court take judicial notice of and/or find that the requested documents are incorporated into the SAC.

Dated:  August 14, 2023

Respectfully Submitted,

COOLEY LLP

By:          */s/ Michael C. Tu*
                    Michael C. Tu

Attorneys for Defendants
Everbridge, Inc., Patrick Brickley, Jaime Ellertson, and David Meredith

**Appendix A[4]**

| Ex. | Description | Basis | SAC ¶ |
|---|---|---|---|
| 1 | Everbridge's 2017 Form 10-K, filed with the SEC on March 12, 2018 | JN | |
| 2 | Everbridge's 2018 Form 10-K, filed with the SEC on March 1, 2019 | JN | |
| 3 | Everbridge's 2019 Form 10-K, filed with the SEC on Feb. 28, 2020 | IBR JN | ¶¶75, 78 |
| 4 | Everbridge's Q1 2020 Form 10-Q, filed with the SEC on May 8, 2020 | IBR JN | ¶¶46, 48, 246–51, 381 |
| 5 | Everbridge's Q2 2020 Form 10-Q, filed with the SEC on Aug. 7, 2020 | IBR JN | ¶¶132–35 |
| 6 | Everbridge's 2020 Form 10-K, filed with the SEC on Feb. 26, 2017 | JN | |
| 7 | Everbridge's Form 8-K, filed with the SEC on April 6, 2021 | IBR JN | ¶¶144, 147–48 |
| 8 | Everbridge's Q2 2021 Form 10-Q, filed with the SEC on Aug. 9, 2021 | IBR JN | ¶¶46, 48, 146, 279–80 |
| 9 | Everbridge's Q3 2021 Form 10-Q, filed with the SEC on Nov. 9, 2021 | JN | |
| 10 | Everbridge's 2021 Form 10-K, filed with the SEC on Feb. 24, 2022 | JN | |
| 11 | Transcript of Everbridge's Company Conference Presentation on Feb. 28, 2019, published by S&P Global Market Intelligence | IBR JN | ¶¶83, 377 |
| 12 | Transcript of Everbridge's Earnings Call for second fiscal quarter on Aug. 6, 2020, published by S&P Global Market Intelligence | JN | |
| 13 | Press Release from Apr. 6, 2021, titled *Critical Event Management (CEM) Provider Everbridge to Acquire xMatters* | IBR JN | ¶¶27–28, 260–64 |

[4] "Ex." refers to the exhibits attached to the Tu Declaration. "Basis" refers to the reason(s) the document should be considered: incorporated by reference ("IBR"), judicial notice ("JN"), or both. "SAC ¶" refers to the paragraphs of the SAC that cite or reference the document.

| Ex. | Description | Basis | SAC ¶ |
|---|---|---|---|
| 14 | Transcript of Everbridge's Earnings Call for first fiscal quarter on May 10, 2021, published by S&P Global Market Intelligence | IBR JN | ¶¶147–49, 158–61, 165–66, 269–73 |
| 15 | Transcript of Everbridge's Earnings Call for third fiscal quarter on Nov. 9, 2021, published by S&P Global Market Intelligence | IBR JN | ¶¶180–82, 285–88, 290–91, 381 |
| 16 | Press Release from Dec. 9, 2021, titled *Everbridge Announces CEO Transition* | IBR JN | ¶¶6, 33–36, 213–14, 294–98, 303, 326, 333–40, 370 |
| 17 | Press Release from Dec. 13, 2021, titled *Cloud Technology Leader Boomi Names David Meredith as Chief Executive Office* | JN | |
| 18 | Transcript of Everbridge's Earnings Call for fourth fiscal quarter on Feb. 24, 2022, published by Seeking Alpha | IBR JN | ¶¶7, 36, 220–23, 306–16, 326, 343–49, 372 |
| 19 | Transcripts of Everbridge's Earnings Call for second fiscal quarter on Aug. 9, 2021, published by S&P Global Market Intelligence | IBR JN | ¶¶162–64, 179, 281–84 |
| 20 | Transcript of Everbridge's Company Conference on Nov. 30, 2021, published by S&P Global Market Intelligence | IBR | ¶¶182–84, 290–91 |
| 21 | Transcript of Everbridge's Earnings Call for third fiscal quarter on Nov. 4, 2019 published by S&P Global Market Intelligence | IBR JN | ¶¶105–10, 228–34 |
| 22 | Redline Comparison of the First Amended Complaint (Dkt. No. 53) and the Second Amended Complaint (Dkt. No. 84) | N/A | N/A[5] |

---

[5] Exhibit 22 is submitted solely for the Court's convenience.

13

COOLEY LLP
ATTORNEYS AT LAW
LOS ANGELES