MICHAEL C. TU (State Bar No. 186793)
mctu@cooley.com
RYAN E. BLAIR (State Bar No. 246724)
rblair@cooley.com
JANELLE M. FERNANDES (State Bar No. 322217)
jfernandes@cooley.com
COOLEY LLP
355 South Grand Avenue, Suite 900
Los Angeles, California 90071
Telephone:   (310) 883-6400
Facsimile:   (310) 883-6500

*Attorneys for Defendants*
*Everbridge, Inc., Patrick Brickley,*
*Jaime Ellertson, and David Meredith*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| SYLEBRA CAPITAL PARTNERS MASTER FUND LTD, SYLEBRA CAPITAL PARC MASTER FUND, AND SYLEBRA CAPITAL MENLO MASTER FUND, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiffs, <br><br> v. <br><br> EVERBRIDGE, INC., DAVID MEREDITH, PATRICK BRICKLEY, AND JAIME ELLERTSON, <br><br> Defendants. | Case No. 2:22-cv-2249-FWS-RAO <br><br> **REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS THE SECOND AMENDED COMPLAINT** <br><br> Date:    December 7, 2023 <br> Time:    10:00 a.m. <br> Dept:    10D <br> Judge:    Hon. Fred W. Slaughter <br><br> *Date Action Filed:  April 4, 2022* |

# REPLY MEMORANDUM

Plaintiffs' three-sentence-long attempt to oppose defendants' Request for Judicial Notice, Dkt. No. 86 ("RJN"), within their Opposition to the Defendants' Motion to Dismiss the Second Amended Complaint, Dkt. No. 90 at 8 ("Opp."), fails for three reasons.

*First*, plaintiffs do not contest that Exhibits 3–5, 7–8, 13–16, 18–19, and 21 are properly incorporated by reference into the Complaint.  Rather, plaintiffs assert that the Court only can consider the documents "for the 'limited purpose' that those disclosures were made to the market."  *Id.* at 8.  This argument is without merit because it incorrectly assumes that defendants are asking the Court to consider the documents for the purpose of disputing **well-pled** facts in the Second Amended Complaint ("SAC").  Defendants' Motion to Dismiss the SAC, Dkt. No. 85 ("Motion to Dismiss"), and their Reply in Support of Defendants' Motion to Dismiss, filed concurrently herewith, demonstrates that there are no "well-pled" allegations to contradict here.  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002–03, 1008 (9th Cir. 2018) (the Court is "not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences") (cleaned up); *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, *7 (N.D. Cal. Apr. 28, 2020) ("nothing . . . prevents this Court from analyzing an alleged false statement in context," even if doing so "create[s] factual disputes").  Moreover, as the RJN explains, the Exhibits merely provide the Court with the relevant and necessary context to analyze the alleged misstatements, as the Supreme Court required in *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *accord In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4, 1408–09 (9th Cir. 1996) (alleged misstatements "must be analyzed in context").  RJN at 2–4.  And plaintiffs do not dispute that this Court may consider the **entirety** of these Exhibits to provide much-needed context for the SAC's conclusory allegations.  The reason is clear: the alternative would allow plaintiffs to impermissibly "cherry-pick[] portions of . . .

statements and ignor[e] other[s]." *Xiaojiao Lu v. Align Tech., Inc.*, 417 F. Supp. 3d 1266, 1276 (N.D. Cal. 2019).[1]

***Second***, plaintiffs do not contest judicial notice of Exhibits 3–5, 7–8, 13–16, 18–19, and 21. Opp. at 8. Thus, the Court should take judicial notice of these Exhibits. *See Booth v. Strategic Realty Tr., Inc.*, 2014 WL 3749759, at *3 (N.D. Cal. July 29, 2014) (granting judicial notice where "Plaintiffs do not oppose the request for judicial notice").

***Third***, plaintiffs vaguely assert that judicial notice of Exhibits 1–2, 6, 9–12, 17, and 20 is improper because they dispute the "veracity of the factual assertions made in these materials." Opp. at 8. But while plaintiffs claim to take issue with ***judicial notice*** of these exhibits, the part of the Order plaintiffs cite applies to the Court's willingness to consider these documents under the incorporation by reference doctrine.[2] *Id.* (citing Dkt. No. 79 at 3). And, notably, plaintiffs do not contest the authenticity of any of these Exhibits. Regardless, plaintiffs do not explain ***what*** specific factual assertions they purport to take issue with. Opp. at 8. This half-hearted attempt at an opposition raises no meaningful arguments and cannot be sufficient. *Wennekamp v. Carrington Mortg. Servs., LLC*, 2019 WL 528440, at *3 (E.D. Cal. Feb. 8, 2019) (granting RJN where "Plaintiff does not meaningfully oppose defendants' request for judicial notice or contest the authenticity of the documents therein").

Defendants therefore respectfully ask that the Court take judicial notice of and/or incorporate by reference Exhibits 1–21.

---

[1] An example of plaintiffs' attempted cherry-picking is their challenge to the incorporation of Exhibit 3, but ***not*** Exhibit 11, even though ***both*** Exhibits 3 and 11 form the basis of plaintiffs' claims. RJN at 5–8. This selective acceptance of certain exhibits, with ***no*** supporting argument for why plaintiffs arbitrarily accept incorporation by reference of some exhibits over others, warrants granting the RJN, especially where this Court's previous order did not address the potential review of defendants' newly added Exhibits 19–21.

[2] While defendants ***do*** seek incorporation by reference of Exhibits 1–2, 6, 9–12, 17, and 20, plaintiffs' arguments about the veracity of the factual assertions are without merit for the reasons stated above.

Dated:  October 30, 2023

Respectfully Submitted,

COOLEY LLP

By: */s/ Michael C. Tu*
     Michael C. Tu

Attorneys for Defendants
Everbridge, Inc., Patrick Brickley,
Jaime Ellertson, and David Meredith