**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 15 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SYLEBRA CAPITAL PARTNERS MASTER FUND LTD; SYLEBRA CAPITAL PARC MASTER FUND; SYLEBRA CAPITAL MENLO MASTER FUND, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs - Appellants,<br><br> v.<br><br>EVERBRIDGE, INC.; DAVID MEREDITH; PATRICK BRICKLEY; JAIME ELLERTSON,<br><br>　　　　Defendants - Appellees. | No. 24-2474<br><br>D.C. No. 2:22-cv-02249-FWS-RAO<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Fred W. Slaughter, District Judge, Presiding

Argued and Submitted May 20, 2025
Pasadena, California

Before: GRABER, WARDLAW, and JOHNSTONE, Circuit Judges.

Sylebra Capital Partners Master Fund Ltd., Sylebra Capital Parc Master

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Fund, and Sylebra Capital Menlo Master Fund (collectively, "Sylebra") appeal the dismissal of their putative class action against Everbridge, Inc. ("Everbridge"), David Meredith, Patrick Brickley, and Jaime Ellertson.  In its Second Amended Complaint ("SAC"), Sylebra alleges that Everbridge and its officers gave false and misleading information about its acquisition strategy, growth projections, and integration efforts, in violation of §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5.  *See* 15 U.S.C. §§ 78j(b), 78t(a); 17 C.F.R. § 240.10b-5.  The district court dismissed the SAC under Federal Rule of Civil Procedure 12(b)(6), ruling that the SAC inadequately alleged scienter and falsity.  We have jurisdiction under 28 U.S.C. § 1291.  Reviewing de novo, *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 989 (9th Cir. 2009), we reverse and remand.

     1.     Sylebra adequately alleged scienter as to Everbridge's statements concerning its integration of acquired companies and its revenue estimates.  Under the Private Securities Litigation Reform Act ("PSLRA"), a complaint must "state with particularity facts giving rise to a strong inference that [each] defendant acted with [scienter]."  15 U.S.C. § 78u-4(b)(2)(A).  An inference is "strong" if a "reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged."  *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 324 (2007).

     Relying on confidential witness ("CW") statements, the SAC alleges that

Everbridge and its officers (1) told investors that integration of its acquisitions was going well or that integration was completed when, in fact, the company was facing large hurdles that stood in the way of integrating its acquisitions and (2) that Defendants understated revenue contribution from an acquisition to hide slowing growth. CWs 1, 2, and 3 are described with "sufficient particularity to establish their reliability and personal knowledge" of Everbridge's integration efforts. *Zucco Partners*, 552 F.3d at 995. The job titles and experiences of CWs 1, 2 and 3 demonstrate that they were in "a reliable position to observe" Everbridge integrate its acquisitions. *E. Ohman J:or Fonder AB v. NVIDIA Corp.*, 81 F.4th 918, 940 (9th Cir. 2023). For example, CW-1's "responsibilities included work related to Everbridge's mergers and acquisitions ("M&A") process," CW-2 "worked as part of the integration team during the xMatters acquisition," and CW-3 "was involved in the vetting" of a target company. CWs 1, 2 and 3 also describe widespread issues that the company was having integrating its acquisitions, which contradict the company's public statements about its acquisitions.

"[W]e examine a confidential witness's hearsay report to determine if it is sufficiently reliable, plausible, or coherent." *Lloyd v. CVB Fin. Corp.*, 811 F.3d 1200, 1208 (9th Cir. 2016) (quotation marks and citations omitted). Here, we credit the allegations attributed to CW-1 because they form a plausible and coherent narrative. CW-1 was "in a position to be personally knowledgeable,"

*Zucco Partners*, 552 F.3d at 996, about the forecasts because she "sent weekly or bi-weekly emails to Brickley and Meredith with the modeling in the lead-up to the acquisition." CW-1 also explained in detail that the company forecasted to its investors that the xMatters acquisition would contribute revenue of $9-11 million dollars in 2021, when Everbridge's internal estimates showed that the contribution would actually be $20-25 million dollars. When CW-1 expressed concerns about the forecasts to Meredith and Brickley, Meredith explained that "the discrepancy in figures was to 'buffer' the declines in Everbridge's organic revenue." Reviewed holistically, *Tellabs, Inc.*, 551 U.S. at 326, the SAC suggests that issues with integration were widespread and that the company's officers misstated revenue estimates to conceal these issues. We therefore conclude that—as to Everbridge's statements concerning post-acquisition integration and revenue estimates—the inference that Defendants intentionally or recklessly misled investors is at least as compelling as any competing inference.

However, we agree with the district court that the SAC fails to allege scienter adequately with regard to Everbridge's statements about its general acquisition strategy and its motivations for acquiring one2many, Techwan, SnapComms, Connexient, CNL Software, RedSky, and xMatters. As the district court explained, the SAC's allegations regarding these statements are too conclusory to support a strong inference of scienter.

2. Sylebra also adequately alleged falsity. The district court correctly found that "certain statements" were forward-looking statements protected under PSLRA's safe-harbor provision or inactionable puffery, such as Everbridge's statements that it expected "continued strong performance," that it was "well down the path of rightsizing and integrating that business," and that "integration is . . . going great." But some of the alleged statements neither fell within the safe harbor nor were puffery. Everbridge repeatedly touted its past success integrating its acquisitions, stating "we've really integrated NC4 and Risk Center into our entire product offering," "we now truly can be that unified enterprise-wide operating system," "they've already been integrated," "we've locked up key hires, and we're retaining them," "Everbridge's new Digital Operations Platform represents the seamless integration of . . . Everbridge and xMatters," and "we've got that integrated now . . . We've integrated the people . . . the sales . . . [and] the funnels." Each of these statements relays "past or current facts." *In re Quality Sys., Inc. Sec. Litig.*, 865 F.3d 1130, 1141 (9th Cir. 2017). When read in combination with the SAC's other allegations, "[t]hese statements affirmatively created an impression of a state of affairs that differed in a material way from the one that actually existed." *Id.* at 1144 (quoting *Brody v. Transitional Hosps. Corp.*, 280 F.3d 997, 1006 (9th Cir. 2002)) (internal quotations, citations, and brackets omitted). "[O]nce defendants choose to tout positive information to the market, they are bound to do

so in a manner that wouldn't mislead investors, including disclosing adverse information that cuts against the positive information." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1009 (9th Cir. 2018) (quotation marks and brackets omitted). And though Everbridge's statement "anticipat[ing] the partial year contribution to 2021 revenue" from xMatters as "approximately $9-11 million" was forward-looking, the SAC plausibly alleges, based on CW-1's report, that the statement "was made with actual knowledge . . . that the statement was false or misleading," such that the PSLRA's safe harbor would not apply. 15 U.S.C. § 78u-5(c)(1)(B)(i).

      **REVERSED** and **REMANDED** for further proceedings.

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

## Information Regarding Judgment and Post-Judgment Proceedings

**Judgment**
- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36. Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

**Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)**
- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise. To file a motion to stay the mandate, file it electronically via the appellate electronic filing system or, if you are a pro se litigant or an attorney with an exemption from the electronic filing requirement, file one original motion on paper.

**Petition for Panel Rehearing and Petition for Rehearing En Banc (Fed. R. App. P. 40; 9th Cir. R. 40-1 to 40-4)**

**(1) Purpose**
   **A. Panel Rehearing:**
   - A party should seek panel rehearing only if one or more of the following grounds exist:
     ➢ A material point of fact or law was overlooked in the decision;
     ➢ A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
     ➢ An apparent conflict with another decision of the Court was not addressed in the opinion.
   - Do not file a petition for panel rehearing merely to reargue the case.

   **B. Rehearing En Banc**
   - A party should seek en banc rehearing only if one or more of the following grounds exist:
     ➢ Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or
     ➢ The proceeding involves a question of exceptional importance; or

> ➢ The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2) Deadlines for Filing:**
- A petition for rehearing or rehearing en banc must be filed within 14 days after entry of judgment. Fed. R. App. P. 40(d).
- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment. Fed. R. App. P. 40(d).
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- See Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication. 9th Cir. R. 40-4.

**(3) Statement of Counsel**
- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist. The points to be raised must be stated clearly.

**(4) Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**
- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- The petition must be accompanied by a copy of the panel's decision being challenged.
- An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

2

- The petition or answer must be accompanied by a Certificate of Compliance found at Form 11, available on our website at www.ca9.uscourts.gov under *Forms*.
- Attorneys must file the petition electronically via the appellate electronic filing system. No paper copies are required unless the Court orders otherwise. If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper. No additional paper copies are required unless the Court orders otherwise.

**Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)**
- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information, available on our website at www.ca9.uscourts.gov under *Forms*.

**Attorneys Fees**
- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.
- All relevant forms are available on our website at www.ca9.uscourts.gov under *Forms* or by telephoning (415) 355-8000.

**Petition for a Writ of Certiorari**
- The petition must be filed with the Supreme Court, not this Court. Please refer to the Rules of the United States Supreme Court at www.supremecourt.gov.

**Counsel Listing in Published Opinions**
- Please check counsel listing on the attached decision.
- If there are any errors in a published opinion, please send a letter **in writing within 10 days** to:
  - ➢ Thomson Reuters; 610 Opperman Drive; PO Box 64526; Eagan, MN 55123 (Attn: Maria Evangelista, maria.b.evangelista@tr.com);
  - ➢ **and** electronically file a copy of the letter via the appellate electronic filing system by using the Correspondence filing category, or if you are an attorney exempted from electronic filing, mail the Court one copy of the letter.

3

Post Judgment Form - Rev. 12/2024

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 10. Bill of Costs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form10instructions.pdf

**9th Cir. Case Number(s)** [ ]

**Case Name** [ ]

The Clerk is requested to award costs to *(party name(s))*:

[ ]

I swear under penalty of perjury that the copies for which costs are requested were actually and necessarily produced, and that the requested costs were actually expended.

**Signature** [ ]  **Date** [ ]

*(use "s/[typed name]" to sign electronically-filed documents)*

| COST TAXABLE | REQUESTED (each column must be completed) | | | |
|---|---|---|---|---|
| DOCUMENTS / FEE PAID | No. of Copies | Pages per Copy | Cost per Page | TOTAL COST |
| Excerpts of Record* | | | $ | $ |
| Principal Brief(s) *(Opening Brief; Answering Brief; 1st, 2nd, and/or 3rd Brief on Cross-Appeal; Intervenor Brief)* | | | $ | $ |
| Reply Brief / Cross-Appeal Reply Brief | | | $ | $ |
| Supplemental Brief(s) | | | $ | $ |
| Petition for Review Docket Fee / Petition for Writ of Mandamus Docket Fee / Appeal from Bankruptcy Appellate Panel Docket Fee | | | | $ |
| | | | TOTAL: | $ |

***Example:*** Calculate 4 copies of 3 volumes of excerpts of record that total 500 pages [Vol. 1 (10 pgs.) + Vol. 2 (250 pgs.) + Vol. 3 (240 pgs.)] as:
No. of Copies: 4; Pages per Copy: 500; Cost per Page: $.10 (or actual cost IF less than $.10);
TOTAL: 4 x 500 x $.10 = $200.

Feedback or questions about this form? Email us at *forms@ca9.uscourts.gov*

Form 10                                                                 Rev. 12/01/2021