**LABATON KELLER SUCHAROW LLP**
Michael P. Canty (*pro hac vice*)
Michael H. Rogers (*pro hac vice*)
Nicholas Manningham (*pro hac vice*)
Kaicheng Yu (*pro hac vice forthcoming*)
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Fax: (212) 818-0477
mcanty@labaton.com
mrogers@labaton.com
nmanningham@labaton.com
nyu@labaton.com

*Counsel for Lead Plaintiff and Lead Counsel for the Proposed Class*

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLEBRA CAPITAL PARTNERS MASTER FUND LTD, SYLEBRA CAPITAL PARC MASTER FUND, AND SYLEBRA CAPITAL MENLO MASTER FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>     v.<br><br>EVERBRIDGE, INC., DAVID MEREDITH, PATRICK BRICKLEY, and JAIME ELLERTSON,<br><br>                    Defendants. | Case No.: 2:22-cv-2249-FWS-RAO<br><br>CLASS ACTION<br><br>**JOINT STATUS REPORT**<br><br>Status Conference<br>Date:       September 25, 2025<br>Time:       10:00 a.m.<br>Courtroom:  Courtroom 10D<br>Judge:      Hon. Fred W. Slaughter |

Lead Plaintiff Sylebra Capital Partners Master Fund Ltd, Sylebra Capital Parc Master Fund, and Sylebra Capital Menlo Master Fund ("Plaintiffs") and Defendants Everbridge, Inc. ("Everbridge" or the "Company"), David Meredith ("Meredith"), Patrick Brickley ("Brickley"), and Jaime Ellertson ("Ellertson" and together with Everbridge, Meredith, and Brickley, "Defendants") submit this joint status report in accordance the Court's Order Scheduling Status Conference and Directing Parties to File a Status Report (ECF. No. 120).

### A. Statement of the Case

**Plaintiffs' Statement**

The operative pleading in this case is the Second Amended Complaint (the "SAC"). ECF No. 84. On July 15, 2025, the Ninth Circuit issued an order reversing the March 18, 2024 Order dismissing the SAC (ECF No. 109). ECF No. 116. In ordering so, the Ninth Circuit held that the SAC adequately alleged falsity and "scienter as to Everbridge's statements concerning its integration of acquired companies and its revenue estimates." ECF No. 116, at 2-6. Accordingly, the SAC states a claim for federal securities fraud against Defendants (see Provision C, *infra*).

Plaintiffs propose that the Parties will negotiate in good faith and stipulate as to what allegations in the SAC were not sustained by the Ninth Circuit's order. The Parties will file this joint stipulation by October 8, 2025. The Parties will seek guidance from the Court during the September 25 Status Conference regarding any additional steps it requires.

**Defendants' Statement**

On July 15, 2025, the Ninth Circuit issued an order affirming in part and reversing in part the Court's March 18, 2024 Order dismissing the SAC (ECF No. 109). ECF No. 116. First, with respect to Plaintiffs' confidential witnesses, the Ninth Circuit credited only the allegations of CWs 1, 2 and 3. ECF No. 116, at 2-4. Second, the Ninth Circuit "agree[d] with the district court that the SAC fail[ed] to allege scienter adequately with regard to Everbridge's statements about its general acquisition strategy

and its motivations for [the relevant acquisitions]," holding that "the SAC's allegations regarding these statements are too conclusory to support a strong inference of scienter." *Id.* Third, the Ninth Circuit affirmed the Court's finding "that 'certain statements' were forward-looking statements protected under PSLRA's safe-harbor provision or inactionable puffery" and provided examples from the SAC. *Id.* at 5. Defendants agree to Plaintiffs' proposal to negotiate in good faith and stipulate as to what allegations in the SAC were not sustained by the Ninth Circuit's order and file a joint stipulation by October 8, 2025. Defendants also agree to seek guidance from the Court during the September 25 Status Conference regarding how to promptly present any disputes about the allegations not sustained by the Ninth Circuit's order if the Parties are unable to agree by October 8, 2025.

Defendants deny that certification as a class action is appropriate or warranted in this matter. Defendants further deny the substantive allegations of the SAC (ECF No. 84), and specifically deny that Defendants engaged in any wrongdoing, Plaintiffs or any members of the putative class have suffered any legally cognizable damages, and Plaintiffs or any members of the putative class are entitled to any relief.

**B.    Subject Matter Jurisdiction**

The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because the claims arise under the laws of the United States, and § 27 of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b), and 78t(a). No issues exist regarding personal jurisdiction or venue.

**C.    Legal Issues**

The action alleges: (1) violations of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b) and SEC Rule 10b-5(b) promulgated thereunder, 17 C.F.R. § 240.10b-5, against all Defendants; and (2) violations of Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a), against Defendants Meredith, Brickley, and Ellertson. Plaintiffs seek to bring this case as a class action under Federal Rules of Civil Procedure 23(a) and (b)(3).

"A claim under Rule 10b-5 must allege six elements: (1) a material misrepresentation or omission; (2) scienter; (3) a connection with the purchase or sale of a security; (4) reliance; (5) economic loss; and (6) loss causation." *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 341 (2005).

**Plaintiffs' Statement**

Plaintiffs believe that disputed points of law are likely to include: (1) whether Defendants may be held liable for making untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading under § 10(b) of the Exchange Act and Rule 10b-5(b) promulgated thereunder; and (2) whether the Individual Defendants can be liable as controlling persons of the Company under § 20(a) of the Exchange Act.

**Defendants' Statement**

Defendants agree with Plaintiffs' articulation of the disputed points of law above. Additionally, Defendants believe that disputed points of law will include: (1) whether Plaintiffs are subject to unique defenses, whether Plaintiffs' claims are typical of those of the putative classes, and/or whether Plaintiffs are adequate representatives of the putative classes; (2) whether questions of law or fact common to class members predominate over any questions affecting only individual members; (3) whether a class action is superior to other available methods for fairly and efficiently adjudicating the controversy; (4) whether Plaintiffs' proposed model(s) for alleged damages are sufficient to justify class action treatment, including whether Plaintiffs have proffered an appropriate methodology to measure alleged damages on a class-wide basis and whether Plaintiffs have proffered an appropriate methodology to measure only those alleged damages attributable to Plaintiffs' theory of liability on a class-wide basis under *Comcast Corp. v. Behrend*, 569 U.S. 27 (2013); (5) whether and to what extent the alleged misstatements impacted the price of EVBG common stock, *see Goldman Sachs Group, Inc. v. Arkansas Teacher Retirement System*, 594 U.S. 113 (2021) (requiring the Court to consider any evidence relevant to price impact regardless of whether that

evidence is also relevant to the merits); and (6) Plaintiffs' putative class definition, and whether Plaintiffs are members of such putative class.

### D. Parties and Evidence

#### 1. Parties

**Plaintiffs**, individually and on behalf of all others similarly situated, bring this case as a class action on behalf of all purchasers of Everbridge common stock between November 4, 2019, through February 24, 2022, inclusive. Plaintiffs allege that they purchased Everbridge securities at artificially inflated prices during the Class Period.

**Defendants** include Everbridge, Inc., a Delaware corporation based in Vienna, Virginia, David Meredith, Everbridge's former CEO, Patrick Brickley, Everbridge's former Executive Vice President and CFO, and Jaime Ellertson, Everbridge's former Executive and non-executive Chairman of the Board of Directors.

#### 2. Evidence

**Plaintiffs' Statement**

Because document discovery has not yet begun, Plaintiffs do not know what documents are in Defendants' possession, custody, or control. Accordingly, Plaintiffs do not have an informed view of the specific documents that will be key to this case. However, Plaintiffs request and expect responsive documents from Defendant employees' electronic systems and data sources, including but not limited to: network shared drives, databases, workstation hard drives, email, collaborative communication applications (e.g., Teams, Slack, G-chat, and proprietary messaging applications), and especially mobile device data (e.g., text messages, WhatsApp, and other communication applications)

With respect to witnesses, Plaintiffs expect that pertinent witnesses include the Defendants but due to the early stage of the case, it is premature for Plaintiffs to speculate further about who else may be a pertinent witness.

**Defendants' Statement**

Similarly, Defendants do not know what documents are in Plaintiffs' possession, custody, or control. Defendants will request responsive documents from Plaintiffs, Plaintiffs' investment advisors, and any other party with information relevant to the claims. With respect to witnesses, Defendants expect that pertinent witnesses include Plaintiffs and Plaintiffs' investment advisors and Plaintiffs' "confidential witnesses" but due to the early stage of the case, cannot speculate further as to any other party with information relevant to the claims.

### E. Damages

**Plaintiffs' Statement**

Plaintiffs, individually and on behalf of a class of similarly-situated individuals, seek compensatory damages and such other relief as the Court deems just and proper. The issue of compensatory damages is subject to expert calculation and is properly a topic for expert discovery. Plaintiffs will provide a calculation of damages at the appropriate time during expert discovery. Plaintiffs also plan to seek prejudgment interest, post-judgment interest, reasonable attorneys' fees, and reasonable costs and expenses, each of which cannot be completed at this time.

**Defendants' Statement**

Defendants dispute that Plaintiffs are entitled to any damages. In addition, to obtain class certification, Plaintiffs are required to affirmatively demonstrate "that damages are capable of measurement on a class wide basis" and the Court must engage in a "rigorous analysis" of a plaintiff's proposed damages methodology. *Comcast Corp. v. Behrend*, 569 U.S. 27, 34-35 (2013).

### F. Insurance

Plaintiffs anticipate that pursuant to the requirements of Federal Rules of Civil Procedure 26, Plaintiffs will receive documents concerning Defendants' insurance information as part of their mandatory Initial Disclosures.

### G. Non-Dispositive Motions

The Parties do not believe there is a high likelihood of motions seeking to add other parties or claims, or transfer venue, except that Plaintiffs reserve their right to request leave to file amended pleadings if they discover additional information during discovery. Plaintiffs also intend to move for class certification and both parties may make various discovery, evidentiary, and pretrial motions. As discussed above, the Parties agree to negotiate in good faith and stipulate as to what allegations in the SAC were not sustained by the Ninth Circuit's order, file a joint stipulation by October 8, 2025, and promptly raise any disputes with the Court.

### H. Dispositive Motions

The Parties may move for judgement on the pleadings, summary judgment and/or summary adjudication.

### I. Manual for Complex Litigation

The Parties believe that various sections of the Manual for Complex Litigation may relate to particular issues that arise in the case and therefore may provide guidance, including, but not limited to, Section 21 ("Class Actions") and Section 31 ("Securities").

### J. Status of Discovery

No formal discovery has taken place yet because discovery was automatically stayed under the Private Securities Litigation Reform Act. The Parties met and conferred on September 15, 2025, and preliminarily discussed their respective plans for discovery. Since then, the Parties have exchanged drafts and finalized the proposed case schedule.

### K. Discovery Plan

Plaintiffs anticipate that, given the scope and complexity of this case, it may be necessary for Plaintiffs to exceed the number of non-expert depositions provided under Federal Rules of Civil Procedure 30 and the number of interrogatories provided under Rule 33. Defendants believe that it is premature to request an upward departure at this

time and reserve their rights to object to Plaintiffs' request to exceed the number of non-expert depositions and interrogatories provided under Federal Rules. Nevertheless, given that discovery has not yet begun, the Parties agree to meet and confer to determine the scope of any potential expansion of the federal rule limits if and when these issues arise.

### L. Discovery Cut-Off

The Parties expect to complete discovery consistent with the worksheet provided in Exhibit A attached hereto, which proposes a cut-off date for fact discovery of October 15, 2026.

### M. Expert Discovery

The Parties propose that expert designations and opening reports be served by November 25, 2026. Rebuttal reports shall be served by January 14, 2027. The Parties propose an expert discovery cut-off date of February 12, 2027.

### N. Settlement Conference and Alternative Dispute Resolution ("ADR")

Though the Parties have not yet discussed mediation to satisfy the ADR requirement, at the appropriate time, the Parties may discuss possible mediators and timing for a mediation. Should such discussions arise, the Parties intend to utilize a private mediator. The Parties propose that the Court set a settlement conference deadline of August 14, 2026.

### O. Trial Estimate

The Parties expect that the trial by jury will take approximately 10-15 days. The length of the trial is necessitated by the complex nature of this securities class action, as well as by the number of witnesses, issues, and documents that are likely to be involved. At this stage, the Parties cannot accurately estimate the number of witnesses they anticipate calling.

### P. Trial Counsel

The Parties expect that trial counsel will be their undersigned counsel.

**Q.    Magistrate Judge**

The Parties do not consent to try the case before a Magistrate Judge.

**R.    Independent Expert or Master**

The Parties do not currently request an independent expert or master.

**S.    Schedule Worksheet**

The Parties have attached the schedule worksheet hereto as Exhibit A. Additionally, the Parties have attached a Joint Stipulation, proposing a case schedule that includes additional events not contemplated by the Court's standard schedule worksheet.

**T.    Class Actions**

Plaintiffs' opening brief in support of class certification will be due on March 13, 2026. Defendants' opposition to Plaintiffs' class certification brief will be due on May 13, 2026, and Plaintiffs' reply in further support of their class certification brief will be due on July 13, 2026.

**U.    Other Issues**

1.    While Plaintiffs understand that the final trial date is subject to the Court's calendar and courtroom availability, and therefore is likely to be reset at the Court's discretion, in the interests of efficiency and clarity, Plaintiffs propose October 26, 2027 as the trial date, as well as pretrial filings deadlines on September 3 and 10, 2027 and Final Pretrial Conference on October 7, 2027. Defendants' position is that pre-trial deadlines and the trial date should be calendared at the convenience of the Court, sufficiently after the Court rules on dispositive and Daubert motions, such that the Parties may incorporate the Court's rulings into their trial presentations.

2.    The Parties do not contemplate any other issues at this time but will promptly bring them to the Court's attention if such issues arise.

IT IS SO STIPULATED.

| | | |
|---|---|---|
| Dated: September 18, 2025 | By: | /s/ Michael H. Rogers |

**LABATON KELLER SUCHAROW LLP**
Michael P. Canty (*pro hac vice*)
Michael H. Rogers (*pro hac vice*)
Nicholas Manningham (*pro hac vice*)
Kaicheng Yu (*pro hac vice forthcoming*)
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Fax: (212) 818-0477
mcanty@labaton.com
mrogers@labaton.com
nmanningham@labaton.com
nyu@labaton.com

*Counsel for Lead Plaintiff and Lead Counsel for the Proposed Class*

**SAXENA WHITE P.A.**
David J. Schwartz (*pro hac vice*)
10 Bank Street
Suite 882
White Plains, NY 10606
Telephone: (914) 437-8551
Fax: (888) 631-3611
dschwartz@saxenawhite.com

*Additional Counsel for Plaintiffs*

**ROBBINS GELLER RUDMAN & DOWD LLP**
Ryan A. Llorens (SB 225196)
Danielle S. Myers (SB 259916)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 231-1058
Fax: (619) 231-7423
ryanl@rgrdlaw.com
dmyers@rgrdlaw.com

*Liaison Counsel for the Proposed Class*

| | | |
|---|---|---|
| Dated: September 18, 2025 | By: | /s/ Mark McKane |

**KIRKLAND & ELLIS LLP**
Nathaniel E. Haas (CA # 324305)
2049 Century Park East, 37th Floor
Los Angeles, CA 90067
Telephone: (213) 680-8250
Fax: (213) 680-8500
nathaniel.haas@kirkland.com

Mark McKane (CA #230552)
555 California Street, 27th Floor
San Francisco, CA 94104
Telephone: (415) 439-1473
Fax: (415) 439-1500
mark.mckane@kirkland.com

Jordan D. Peterson (*pro hac vice*)
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Fax: (212) 446-4900
jordan.peterson@kirkland.com

Jules H. Cantor (*pro hac vice*)
333 W. Wolf Point Plaza
Chicago, IL 60654
Telephone: (312) 862-0708
Fax: (312) 862-2200
jules.cantor@kirkland.com

*Counsel for Defendants Everbridge, Inc., Patrick Brickley, and David Meredith*

By:   */s/ Virginia Milstead*

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
Virginia Milstead (CA #234578)
2000 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (213) 687-5000
Fax: (213) 687-5600
virginia.milstead@skadden.com

James R. Carroll (*pro hac vice*)
Michael S. Hines (*pro hac vice*)
Rene H. DuBois (*pro hac vice*)
500 Boylston Street
Boston, MA 02116

Telephone: (617) 573-4800
Fax: (617) 573-4822
james.carroll@skadden.com
michael.hines@skadden.com
rene.dubois@skadden.com

*Counsel for Defendant Jamie Ellertson*

## **FILER'S ATTESTATION**

Pursuant to L.R. 5-4.3.4, I, Michael H. Rogers, attest that all other signatories listed and on whose behalf this filing is submitted have authorized this filing and concur in its content.

By:   */s/Michael H. Rogers*

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2025, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED:   September 18, 2025
         New York, New York

By:   /s/Michael H. Rogers