**LABATON KELLER SUCHAROW LLP**
Michael P. Canty (*pro hac vice*)
Michael H. Rogers (*pro hac vice*)
Nicholas Manningham (*pro hac vice*)
140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
mcanty@labaton.com
mrogers@labaton.com
nmanningham@labaton.com

*Counsel for Lead Plaintiff and*
*Lead Counsel for the Proposed Class*

[Additional counsel appears on signature page]

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLEBRA CAPITAL PARTNERS MASTER FUND LTD, SYLEBRA CAPITAL PARC MASTER FUND, AND SYLEBRA CAPITAL MENLO MASTER FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EVERBRIDGE, INC., DAVID MEREDITH, PATRICK BRICKLEY, and JAIME ELLERTSON,<br><br>Defendants. | Case No. 2:22-cv-02249-FWS-RAO<br><br>CLASS ACTION<br><br>**LEAD PLAINTIFF'S OPPOSITION TO DEFENDANT ELLERTSON'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Date:      January 15, 2026<br>Time:      10:00 a.m.<br>Courtroom: 10D<br>Judge:     Hon. Fred. W. Slaughter<br><br>*Date Action Filed: April 4, 2022* |

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

I.  INTRODUCTION ........................................................................................................ 1

II. ARGUMENT ................................................................................................................ 3

   A.  Applicable Legal Standards ................................................................................ 3

   B.  Defendant Ellertson's Rule 12(c) Motion is Improper ...................................... 4

       1.  Ellertson's Motion Improperly Flouts the Court's Order ............................. 4

       2.  Ellertson's Motion is Barred by the Ninth Circuit's Order ........................... 5

       3.  Ellertson's Motion is an Improper Motion for Reconsideration .................. 6

   C.  The Complaint Alleges Scienter as to Defendant Ellertson .............................. 7

   D.  The Complaint Adequately Alleges a Section 20(a) Claim ............................ 10

III. CONCLUSION .......................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Alphabet, Inc. Sec. Litig.*,
  1 F.4th 687 (9th Cir. 2021) ............................................................................... 9

*Askins v. U.S. Dep't of Homeland Sec.*,
  899 F.3d 1035 (9th Cir. 2018) .......................................................................... 5

*Cafasso, U.S. v. General Dynamics C4 Sys., Inc.*,
  637 F.3d 1047 (9th Cir. 2011) .......................................................................... 3

*Chae v. SLM Corp.*,
  2008 WL 11342464 (C.D. Cal. Jan. 17, 2008) ................................................. 6

*Chavez v. United States*,
  683 F.3d 1102 (9th Cir. 2012) .......................................................................... 4

*Dworkin v. Hustler Mag. Inc.*,
  867 F.2d 1188 (9th Cir. 1989) .......................................................................... 3

*E.G. ex rel. Gonzalez v. Bond*,
  2017 WL 3493124 (N.D. Tex. June 29, 2017) ................................................. 7

*Glazing Emps. & Glaziers Union Local #27 Pension & Ret. Fund v. iRhythm Technologies, Inc.*,
  2025 WL 3128193 (N.D. Cal. Nov. 7, 2025) .................................................... 6

*Middlesex Ret. Sys. v. Quest Software Inc.*,
  527 F. Supp. 2d 1164 (C.D. Cal. 2007) .......................................................... 10

*Morris v. City of Los Angeles*,
  2025 WL 504476 (C.D. Cal. Jan. 29, 2025) ..................................................... 5

*Reese v. Malone*,
  747 F.3d 557 (9th Cir. 2014) ............................................................................ 9

*Schueneman v. Arena Pharms., Inc.*,
  840 F.3d 698 (9th Cir. 2016) ............................................................................ 7

*Strigliabotti v. Franklin Res., Inc.*,
  398 F. Supp. 2d 1094 (N.D. Cal. 2005) ............................................................ 7

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
  551 U.S. 308 (2007).................................................................................................7, 8

*In re Toyota Motor Corp. Sec. Litig.*,
  2012 WL 3764903 (C.D. Cal. Feb. 21, 2012) ......................................................6

*United States v. Garcia-Beltran*,
  443 F.3d 1126 (9th Cir. 2006) ...............................................................................5

*United States v. Olsen*,
  2024 WL 2077785 (9th Cir. May 9, 2024)............................................................5

*In re VeriFone Holdings, Inc. Sec. Litig.*,
  704 F.3d 694 (9th Cir. 2012) .................................................................................9

*Zucco Partners, LLC v. Digimarc Corp.*,
  552 F.3d 981 (9th Cir. 2009) .................................................................................8

LEAD PLAINTIFF'S OPPOSITION TO DEFENDANT ELLERTSON'S MOTION FOR JUDGMENT ON THE PLEADINGS
CASE NO. 2:22-CV-02249-FWS-RAO

Lead Plaintiff Sylebra Capital Partners Master Fund Ltd, Sylebra Capital Parc Master Fund, and Sylebra Capital Menlo Master Fund ("Lead Plaintiff") respectfully submits this Memorandum of Law in Opposition to Defendant Jamie Ellertson's Motion for Judgment on the Pleadings (ECF No. 161).[1]

## I. INTRODUCTION

Defendant Ellertson's Rule 12(c) Motion is a transparent attempt to re-litigate issues the Ninth Circuit already decided. That is plainly improper. Although Ellertson may disagree with the Ninth Circuit's ruling, he cannot use a Rule 12(c) motion to ask this Court to overturn the appellate court's decision. Yet, remarkably, that is precisely what Ellertson attempts with his Motion. Indeed, granting Ellertson's Rule 12(c) Motion would force this Court to overturn the Ninth Circuit's binding decision, something the Court cannot and should not do. For these reasons, and those discussed below, the Court should deny Ellertson's Motion.

The Ninth Circuit found on appeal that Lead Plaintiff adequately alleged a claim against Defendant Ellertson and the other Defendants and remanded for further proceedings. In its Order, the Ninth Circuit held that Ellertson's statement on February 18, 2020—"***we've really integrated NC4 and Risk Center into our entire product offering***" (¶139)—was false and misleading. *See* Exhibit A (the Ninth Circuit's Order) at 5. The Ninth Circuit also held that Lead Plaintiff "adequately alleged scienter as to Everbridge's statements concerning its integration of acquired companies." *Id.* at 2.

Nevertheless, Ellertson now challenges the Ninth Circuit's scienter holding under the guise of a Rule 12(c) Motion. As an initial matter, Ellertson's Motion is procedurally improper. A Rule 12(c) motion cannot be used to attack the legal sufficiency of a complaint that has already been sustained by a higher court, as is the

---

[1] Capitalized terms herein have the same meaning as set forth in the operative complaint, the Second Amended Class Action Complaint (ECF No. 152) (the "Complaint"). Citations to "¶ __" refer to paragraphs of the Complaint. References to "Motion" are to the Memorandum of Law in support of Defendant Jamie Ellertson's Motion for Judgment on the Pleadings (ECF No. 161-1).

case here. Under the law-of-the-case doctrine, the Ninth Circuit's determinations bind this Court on remand and foreclose Ellertson's renewed pleading challenge. Simply put, to grant Ellertson's Motion would be to directly contradict the Ninth Circuit's decision.

Defendant Ellertson's attempt to recast the operative Complaint as "new" does not alter that conclusion. Ellertson argues that he is entitled to another bite at the scienter apple because, following remand, "Lead Plaintiff deleted nearly two-thirds of the allegations that either mentioned or referenced Mr. Ellertson." Motion at 2. This argument—which is central to Ellertson's Motion—is fundamentally wrong. As the Court knows, upon remand, the Court directed the parties to streamline the pleadings to conform to the Ninth Circuit's ruling (since the Ninth Circuit dismissed other allegations). *See* ECF No. 149. Consistent with those instructions, Lead Plaintiff agreed with Defendants to remove allegations the Ninth Circuit found immaterial or insufficient; Lead Plaintiff did not amend to add new claims or theories. The core allegations the Ninth Circuit sustained—including Ellertson's February 18, 2020 integration statement and the scienter allegations the Ninth Circuit credited under a holistic review—remain intact. Therefore, the Ninth Circuit's Order finding scienter (and falsity) remains the law of the case that must be followed.

Moreover, Ellertson's Motion flatly disregards the Court's admonishment that the parties refrain from gamesmanship when conforming the pleadings to the Ninth Circuit's Order. Indeed, during the September 25, 2025 status conference, the Court warned the parties not to view the exercise of conforming the operative pleadings to the Ninth Circuit's Order as an opportunity to engage in "slight of hand." *See* Exhibit B (Transcript of the September 25, 2025 Status Conference) at 2:18. Indeed, as the Court noted, the Ninth Circuit's "rulings are the rulings." *Id.* at 2:16-17. Despite that express warning, that is exactly what Defendant Ellertson is attempting to do here, contending that a sustained claim is no longer viable simply because the parties agreed to remove allegations upon which the Ninth Circuit did not rely. This is the type of

2

gamesmanship the Court cautioned against, and Ellertson's Motion should therefore be denied.

Critically, even if the Court looked past these dispositive procedural defects, Ellertson's Motion also fails on the merits. The operative Complaint adequately alleges scienter as to Defendant Ellertson under the PSLRA and Ninth Circuit precedent. Among other things, the Complaint: (i) alleges contemporaneous, persistent integration failures beginning with the NC4 acquisition; (ii) describes those failures with particularity through a confidential witness ("CW") whose reliability the Ninth Circuit has already confirmed; and (iii) ties those facts to Defendant Ellertson's public role overseeing mergers and acquisitions and speaking directly to investors about the status of NC4 integration. As the Ninth Circuit already found with respect to the upheld statements (including Ellertson's), when "reviewed holistically . . . the inference that Defendants intentionally or recklessly misled investors is at least as compelling as any competing inference." Exhibit A at 4.

Therefore, the Court should deny Defendant Ellertson's Motion promptly and allow the case to proceed against him consistent with the Ninth Circuit's mandate and this Court's prior directives.

## II.   ARGUMENT

### A.   Applicable Legal Standards

The Ninth Circuit has emphasized that a Rule 12(c) motion is "functionally identical" to a Rule 12(b)(6) motion to dismiss and, therefore, the same legal standard applies. *Cafasso, U.S. v. General Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). Indeed, "[t]he principal difference between motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of filing" and the motions are otherwise "functionally identical." *Dworkin v. Hustler Mag. Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). Therefore, as with a Rule 12(b)(6) motion, when evaluating a motion for judgment on the pleadings, "a court must assess whether the complaint contains sufficient factual

matter, accepted as true, to state a claim to relief that is plausible on its face." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012).

### B. Defendant Ellertson's Rule 12(c) Motion is Improper

Defendant Ellertson's Rule 12(c) Motion is an improper attempt to re-litigate the Rule 12(b)(6) motion and overturn the Ninth Circuit's decision. However, the Ninth Circuit's decision on appeal—which upheld claims against Ellertson—is the law of the case that must be followed.

#### 1. Ellertson's Motion Improperly Flouts the Court's Order

As the Court knows, the Ninth Circuit sustained the Complaint in part (including claims against Defendant Ellertson) and dismissed in part. Therefore, on remand, this Court ordered the parties to meet and confer in good faith to conform the pleadings to the Ninth Circuit's Order and remove the allegations the Ninth Circuit struck down. *See* ECF No. 149. The purpose of that exercise was not to try to add new claims or remove those sustained by the Ninth Circuit, but rather, to provide a roadmap for the rest of the case. Indeed, the Court expressly warned the parties to refrain from gamesmanship during the process. During the September 25, 2025 status conference, the Court warned both sides that the lawyers are "all officers of the court, and this is not the time to [] try to do slight of hand to say, well, this really is an active cause of action or this isn't." *See* Exhibit B at 2:17-19. The Court further admonished the parties that although the Court understands they will "want to be [] advocate[s]" and "have it [their] way," the Ninth Circuit's Order is clear and "the rulings are the rulings." *Id.* at 2:15-17.

Despite this warning, that is exactly what Defendant Ellertson is attempting to do. The Ninth Circuit's Order unquestionably upheld a cause of action against Ellertson, yet he now argues he is entitled to challenge the operative Complaint because "Lead Plaintiff deleted nearly two-thirds of the allegations that either mentioned or referenced Mr. Ellertson." Motion at 2. However, contrary to Ellertson's argument, the operative Complaint is not a "new" or "amended" complaint, and the allegations

4

LEAD PLAINTIFF'S OPPOSITION TO DEFENDANT ELLERTSON'S MOTION FOR JUDGMENT ON THE PLEADINGS
CASE NO. 2:22-CV-02249-FWS-RAO

that were removed are simply allegations on which the Ninth Circuit did not rely. The operative Complaint is therefore the same complaint the Ninth Circuit upheld, just with certain allegations removed based on the Ninth Circuit's Order. As such, the Ninth Circuit's Order remains binding, and the Court must deny Ellertson's Motion.

### 2. Ellertson's Motion is Barred by the Ninth Circuit's Order

Under the law of the case doctrine, "a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case." *Morris v. City of Los Angeles*, 2025 WL 504476, at *4 (C.D. Cal. Jan. 29, 2025) (citing *United States v. Jingles*, 702 F.3d 494, 499 (9th Cir. 2012)). Indeed, the "doctrine applies most clearly where [like here] an issue has been decided by a higher court; in that case, the lower court is precluded from reconsidering the issue and abuses its discretion in doing so." *Askins v. U.S. Dep't of Homeland Sec.*, 899 F.3d 1035, 1042 (9th Cir. 2018). Similarly, it is well established that, on remand, a district court must follow the appellate court's mandate "without variance or examination . . . and follow the mandate's spirit and express instructions." *United States v. Olsen*, 2024 WL 2077785, at *1 (9th Cir. May 9, 2024). Moreover, the district court "is bound to follow the appellate court's decision as to issues decided explicitly *or by necessary implication*." *United States v. Garcia-Beltran*, 443 F.3d 1126, 1129–30 (9th Cir. 2006) (emphasis added).

Here, the Ninth Circuit unquestionably sustained the claims against Defendant Ellertson on both falsity *and* scienter grounds. That is the law of the case that must be followed by this Court. To get around this hurdle, Ellertson argues "the Ninth Circuit's Order did not *specifically* address whether Mr. Ellertson was adequately alleged to have made [his] statement with the requisite state of mind." Motion at 3 n. 2 (emphasis added). Ellertson is mistaken. This Court must follow the Ninth Circuit's decision as to *all* issues it decided—even those decided by necessary implication. *See Garcia-Beltran*, 443 F.3d at 1129–30.

5

LEAD PLAINTIFF'S OPPOSITION TO DEFENDANT ELLERTSON'S MOTION FOR JUDGMENT ON THE PLEADINGS
CASE NO. 2:22-CV-02249-FWS-RAO

Here, the Ninth Circuit—at a minimum—decided the issue of scienter by necessary implication. The Ninth Circuit held that Lead Plaintiff "adequately alleged scienter as to Everbridge's statements concerning its integration of acquired companies." Exhibit A at 2. That finding necessarily includes scienter for Ellertson's statement on February 18, 2020 that "*we've really integrated NC4 and Risk Center into our entire product offering*." ¶139. In other words, the Ninth Circuit concluded that Lead Plaintiff adequately alleged scienter as to *all* the upheld statements, including Ellertson, and Ellertson is thus precluded from challenging that finding at the district court.

### 3. Ellertson's Motion is an Improper Motion for Reconsideration

Defendant Ellertson's Motion should be denied for another reason: it is simply an improper motion for reconsideration in disguise. Indeed, courts routinely reject similar Rule 12(c) motions filed after a failed Rule 12(b)(6) motion to dismiss because successive Rule 12 motions challenging the same thing—the legal sufficiency of the complaint—undermine judicial economy and risk inconsistent rulings. For example, in *Glazing Employers and Glaziers Union Local #27 Pension and Retirement Fund v. iRhythm Technologies, Inc.*—a recent securities fraud class action—the court denied defendants' Rule 12(c) motion because it raised challenges to scienter and loss causation that had already been decided on a prior motion to dismiss. 2025 WL 3128193, at *5 (N.D. Cal. Nov. 7, 2025) (holding the previous finding of "scienter and loss causation is governed by the law of the case").[2]

Moreover, to the extent Defendant Ellertson argues the operative Complaint is a "new" complaint that should be reexamined, courts often refuse to reconsider prior

---

[2] Several other courts within this district have rejected Rule 12(c) motions for similar reasons. *See In re Toyota Motor Corp. Sec. Litig.*, 2012 WL 3764903, at *1 (C.D. Cal. Feb. 21, 2012) (denying motion because Rule 12(c) "do[es] not provide an unfettered grant to seek reconsideration of arguments already raised and lost in a previous Rule 12(b)(6) motion"); *Chae v. SLM Corp.*, 2008 WL 11342464, at *1 (C.D. Cal. Jan. 17, 2008) (denying motion because "Defendants' [12(c)] motion for judgment on the pleadings essentially requests the Court reconsider" ruling on motion to dismiss).

Rule 12(b)(6) decisions even when the plaintiff files an amended complaint adding or subtracting allegations. *See E.G. ex rel. Gonzalez v. Bond*, 2017 WL 3493124, at *7 (N.D. Tex. June 29, 2017), *report and recommendation adopted*, 2017 WL 3491853 (N.D. Tex. Aug. 14, 2017) ("[a]lthough Plaintiffs have filed a second amended complaint to bolster claims . . . , that amendment does not . . . provide a legitimate reason to revisit the [] issues already decided against [defendant] for purposes of Rule 12(b)(6)"); *see also Strigliabotti v. Franklin Res., Inc.*, 398 F. Supp. 2d 1094, 1098 (N.D. Cal. 2005) (same). Similarly, Lead Plaintiff's efforts to streamline the pleadings to conform to the Ninth Circuit's Order does not provide justification to question the Ninth Circuit's decision.

At bottom, courts consistently recognize that deploying Rule 12(c) to revisit a prior determination by the *same court* wastes judicial resources and risks inconsistent rulings. But here, Ellertson's request is even more extraordinary: it asks this Court to relitigate a decision rendered by the *Ninth Circuit*. That approach flouts the hierarchical structure of the federal judiciary and contravenes the law-of-the-case and mandate rules. The Court should therefore deny Ellertson's improper request.

### C. The Complaint Alleges Scienter as to Defendant Ellertson

Even if the Court were to entertain Ellertson's Motion—which it should not—the Motion still fails because the Complaint's allegations, considered holistically, establish scienter for Defendant Ellertson. Scienter is "a mental state that not only covers intent to deceive, manipulate, or defraud, but also deliberate recklessness." *Schueneman v. Arena Pharms., Inc.*, 840 F.3d 698, 705 (9th Cir. 2016). The test is "whether *all* of the facts alleged, taken collectively, give rise to a strong inference of scienter." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007) (emphasis in original). An inference is "strong" if a "reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged." *Id.* at 324.

7

LEAD PLAINTIFF'S OPPOSITION TO DEFENDANT ELLERTSON'S MOTION FOR JUDGMENT ON THE PLEADINGS
CASE NO. 2:22-CV-02249-FWS-RAO

As emphasized above, the Ninth Circuit already found that when "[r]eviewed holistically, *Tellabs, Inc.*, 551 U.S. at 326, . . . the inference that Defendants intentionally or recklessly misled investors is at least as compelling as any competing inference." Exhibit A at 4. As discussed below, the operative Complaint contains allegations which, considered holistically, adequately allege scienter for Defendant Ellertson's statement.

For example, CW 1 describes persistent, contemporaneous integration problems starting in 2019 (when Everbridge acquired NC4) which support the inference that Defendant Ellertson knew or was reckless with respect to those failures when he made his February 2020 statement. *See* ¶¶71-72, 140. Defendant Ellertson tries to undercut CW 1's allegations and rehash old challenges to CW 1's reliability. According to Ellerston, the allegations attributed to CW 1 "do not come even close" to meeting the standard under *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981 (9th Cir. 2009). *See* Motion at 5. Unfortunately for Ellerston, though, the Ninth Circuit already rejected this exact argument. In its Order, the Ninth Circuit held that CW 1 is "described with 'sufficient particularity to establish [her] reliability and personal knowledge' of Everbridge's integration efforts." Exhibit A at 3 (citing *Zucco Partners,* 552 F.3d at 995). Moreover, the Ninth Circuit explained that that CW 1's allegations "form a plausible and coherent narrative." *Id.*

Therefore, this Court must credit CW 1's allegations. As the Ninth Circuit already held, CW 1's allegations support the inference that Ellertson knew or was reckless as to known integration failures when he spoke about Everbridge's integration of NC4. *See id.* at 4. For example, according to CW 1, starting in 2019 (when Everbridge acquired NC4), Defendants had problems "integrating the acquired companies themselves into Everbridge's business." ¶¶71, 123, 140. This allegation therefore supports the inference that Ellertson's false and misleading statement on February 18, 2020 about integrating NC4 was made with scienter.

8

LEAD PLAINTIFF'S OPPOSITION TO DEFENDANT ELLERTSON'S MOTION FOR JUDGMENT ON THE PLEADINGS
CASE NO. 2:22-CV-02249-FWS-RAO

Moreover, contrary to Defendants' argument that Lead Plaintiff relies solely on CW 1, *see* Motion at 5, the Complaint contains other allegations supporting the inference of scienter. For example, the integration of NC4 and other acquisitions into the CEM platform was central to Everbridge's strategy and growth, as Everbridge touted being the "only" fully integrated CEM solution and identified CEM's total addressable market as the company's largest driver. ¶¶52–57, 222. These allegations support an inference of scienter because they are paired with other allegations tying Ellertson to the disputed information. Specifically, during the Class Period, Ellertson publicly stated his "day job is M&A" and he was "just doing the M&A stuff"—functions that would surface material integration difficulties for NC4 and subsequent deals. ¶42. These allegations, taken together, support an inference of scienter. *See In re Alphabet, Inc. Sec. Litig.*, 1 F.4th 687, 706 (9th Cir. 2021) ("we may consider a senior executive's role in a company to determine whether there is a cogent and compelling inference" of scienter).

Finally, Ellertson's statements themselves add to the inference of scienter. Ellertson told investors that he was responsible for acquisitions and then answered direct questions from securities analysts about the integration of those acquisitions. This suggests that Ellertson either knew his statements were inaccurate when made or was deliberately reckless in failing to inform himself on the subject before speaking to investors about it. *See Reese v. Malone*, 747 F.3d 557, 571 (9th Cir. 2014) ("fact that [defendant] . . . made the statement about corrosion data supports the inference that she made it with scienter"); *In re VeriFone Holdings, Inc. Sec. Litig.*, 704 F.3d 694, 708 (9th Cir. 2012) ("public statements celebrating the merger as an unprecedented success" support scienter).

Therefore, even if the Court were to revisit the Ninth Circuit's finding, the Complaint's allegations—considered holistically—nonetheless establish a strong inference of scienter as to Defendant Ellertson's February 18, 2020 statement.

### D. The Complaint Adequately Alleges a Section 20(a) Claim

Lead Plaintiff has adequately alleged a Section 20(a) claim against Defendant Ellertson. Contrary to Defendants' argument (*see* Motion at 8), Lead Plaintiff does not simply rely on Defendant Ellertson's status as the Chairman of the Board to establish control person liability. Rather, Lead Plaintiff alleges that Defendant Ellertson's day-to-day role involved supporting the corporate suite, specifically Defendants Meredith and Brickley. ¶42. In addition, Defendant Ellertson himself explicitly stated to the public that his "day job [was] M&A" at the Company. *Id.* Therefore, Lead Plaintiffs instead rely on Defendant Ellertson's notable influence over Everbride's M&A, further exemplified by his participation in an earnings call dated February 18, 2020, in which he described the acquisition and integration of NC4. *See* ¶¶138-39. This is enough to establish control person liability. *See Middlesex Ret. Sys. v. Quest Software Inc.*, 527 F. Supp. 2d 1164 (C.D. Cal. 2007) (Plaintiffs adequately alleged control person liability as to defendant who solely held position as an outside director).

### III. CONCLUSION

For all these reasons, the Court should deny Defendant Ellertson's Motion.

Dated: December 5, 2025                 Respectfully submited,

**LABATON KELLER SUCHAROW LLP**

By: */s/ Michael H. Rogers*
Michael P. Canty (*pro hac vice*)
Michael H. Rogers (*pro hac vice*)
Nicholas Manningham (*pro hac vice*)
140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
mcanty@labaton.com
mrogers@labaton.com
nmanningham@labaton.com

*Counsel for Lead Plaintiff and Lead Counsel for the Class*

**SAXENA WHITE P.A.**
David J. Schwartz (*pro hac vice*)
10 Bank Street

10

Suite 882
White Plains, NY 10606
Telephone: (914) 437-8551
Fax: (888) 631-3611
dschwartz@saxenawhite.com

*Additional Counsel for Plaintiffs*

**ROBBINS GELLER RUDMAN & DOWD LLP**

Ryan A. Llorens (225196)
Danielle S. Myers (259916)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 231-1058
Facsimile: (619) 231-7423
ryanl@rgrdlaw.com
dmyers@rgrdlaw.com

*Liaison Counsel for the Class*

11

LEAD PLAINTIFF'S OPPOSITION TO DEFENDANT ELLERTSON'S MOTION FOR JUDGMENT ON THE PLEADINGS
CASE NO. 2:22-CV-02249-FWS-RAO

# CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2025, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED:  December 5, 2025
        New York, New York

                                            */s/ Michael H. Rogers*
                                            Michael H. Rogers

---

LEAD PLAINTIFF'S OPPOSITION TO DEFENDANT ELLERTSON'S MOTION FOR JUDGMENT ON THE PLEADINGS
CASE NO. 2:22-CV-02249-FWS-RAO