Virginia Milstead (SBN 234578)
virginia.milstead@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2000 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (213) 687-5000
Fax: (213) 687-5600

James R. Carroll (*pro hac vice*)
james.carroll@skadden.com
Michael S. Hines (*pro hac vice*)
michael.hines@skadden.com
Rene H. DuBois (*pro hac vice*)
rene.dubois@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
500 Boylston Street
Boston, MA 02116
Telephone: (617) 573-4800
Fax: (617) 573-4822

*Counsel for Defendant Jaime Ellertson*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION – SANTA ANA

| | |
|---|---|
| SYLEBRA CAPITAL PARTNERS MASTER FUND LTD, SYLEBRA CAPITAL PARC MASTER FUND, AND SYLEBRA CAPITAL MENLO MASTER FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EVERBRIDGE, INC., DAVID MEREDITH, PATRICK BRICKLEY, and JAIME ELLERTSON,<br><br>Defendants. | Case No.: 2:22-cv-02249-FWS-RAO<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT ELLERTSON'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Hearing Date: January 15, 2026<br>Time: 10:00 a.m.<br>Dept. 10D<br>Judge: Hon. Fred W. Slaughter<br><br>*Date Action filed: April 4, 2022*<br>*Second Amended Complaint Filed: October 15, 2025* |

1    Defendant Jaime Ellerston respectfully submits this Reply Memorandum of

2    Points and Authorities in support of his Motion for Judgment on the Pleadings (ECF

3    No. 161) (the "Motion") and in response to Plaintiff's Opposition to that Motion (ECF

4    No. 163) ("Opposition" or "Opp.").[1]

5                                          **REPLY**

6           Plaintiff spends the first seven pages of its ten-page Opposition objecting to

7    Mr. Ellertson's Motion on purported "dispositive procedural defects."  (Opp. at 3.)

8    Those mistaken arguments only highlight Plaintiff's desperate attempt to avoid

9    confronting the abject lack of facts showing scienter in the operative SAC.

10          The Motion is appropriately directed to the few scienter allegations against

11   Mr. Ellertson as presented in the operative SAC that were not previously addressed.

12   The few substantive arguments that Plaintiff makes at the end of the Opposition only

13   confirm that the scienter allegations as to Mr. Ellertson do not come close to meeting

14   the heightened pleading requirements of the PSLRA.  And the Opposition's

15   rehashing of conclusory allegations of Mr. Ellertson's control based solely on his

16   status and role fail to save Plaintiff's Section 20(a) claim.  The Court should grant

17   the Motion and issue judgment dismissing all claims against Mr. Ellertson with

18   prejudice.

19       1. **The Opposition Confirms That The Operative SAC Fails To State A**

20          **Section 10(b) Or Section 20(a) Claim Against Mr. Ellertson**

21          *First*, the Opposition makes clear that Plaintiff's scienter theory as to

22   Mr. Ellertson rests entirely on CW1, but it does not even attempt to grapple with the

23   lack of connection to Mr. Ellertson or the substance of what CW1 is alleged to have

24   actually said.  The Opposition instead contends that a strong inference of scienter can

25   be drawn as to Mr. Ellertson because the Ninth Circuit found CW1 reliable to speak

26   about Everbridge's integration efforts.  (Opp. at 8.)  Simply put, that is not enough as

27

28   [1]    Capitalized terms herein have the same meanings ascribed to them in Mr. Ellertson's opening memorandum (ECF No. 161-1) ("Mem.").

1

1  to Mr. Ellertson.  The fatal defect with CW1's statements *as to Mr. Ellertson* is that

2  they are not "themselves . . . indicative of scienter" *as to Mr. Ellertson.*  *Zucco*

3  *Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 995 (9th Cir. 2009).  The

4  Opposition does not dispute that:

- CW1 is not alleged to have reported to Mr. Ellertson;

- CW1 is not alleged to have ever spoken with Mr. Ellertson; and

- CW1 does not allege *what* Mr. Ellertson knew about the purported unidentified integration "problems" or *when* or *how* he knew them.

9  There is simply no connection alleged between CW1 and Mr. Ellertson that would

10  support a strong inference of scienter.  *Police Ret. Sys. of St. Louis v. Intuitive*

11  *Surgical, Inc.*, 759 F.3d 1051, 1062 (9th Cir. 2014) (affirming dismissal and finding

12  inadequate scienter allegations where a link was missing between the confidential

13  witnesses and the defendant).  The Opposition cannot seriously contend that CW1's

14  vague statement that "there were too many new **people** being integrated into

15  Everbridge after numerous acquisitions" somehow indicates that Mr. Ellertson spoke

16  a knowing or reckless falsehood when he said "**we've really integrated NC4** and

17  Risk Center into **our entire product offering**."  (Mem. at 6; SAC ¶¶ 139-140.)

18       The Opposition's remaining scienter arguments add nothing.  The Opposition

19  argues that the integration of NC4 (and other acquisitions) into the CEM platform

20  was central to Everbridge's strategy, and then attempts to tie that core operations

21  theory to Mr. Ellertson by claiming that, based on his role, he *must have* known

22  about unspecified "material integration difficulties for NC4."  (Opp. at 9.)  But such

23  threadbare and conclusory core operations allegations "'absent some additional

24  allegation of specific information conveyed to [Mr. Ellertson] and related to the

25  [alleged] fraud' or other allegations supporting scienter" fall short of alleging a

26  strong inference of scienter.  *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1063

27  (9th Cir. 2014) (affirming dismissal).  The only case that the Opposition cites to

28  support its role-based scienter argument is off point.  In *In re Alphabet, Inc. Sec.*

2

1 *Litig.* 1 F.4th 687, 706 (9th Cir. 2021), the Ninth Circuit found an inference of

2 scienter where the complaint contained specific allegations that a senior executive

3 had contemporaneous access to a specific internal memorandum containing

4 contradictory information.  There are *zero* allegations in the operative SAC that

5 Mr. Ellertson had access any specific internal report or information about the NC4

6 integration that would have contradicted his statement when made.

7       The Opposition's argument that Mr. Ellertson's statements themselves add to

8 the inference of scienter fares no better.  Mr. Ellertson never told investors or

9 analysts that he was "responsible" for integrating any acquisition, as Plaintiff

10 suggests (Opp. at 9), and the Opposition does not cite to any such statement by

11 Mr. Ellertson.  The fact that Mr. Ellertson spoke about Everbridge integrating NC4's

12 products into Everbridge's product offering does not support any inference, let alone

13 a strong one, that Mr. Ellertson was aware of adverse information about the NC4

14 integration that contradicted his statement when made.

15       The Opposition's two cited cases only illustrate the insufficiency of Plaintiff's

16 allegations here.  In *Reese v. Malone*, 747 F.3d 557, 571 (9th Cir. 2014), the Ninth

17 Circuit drew an inference of scienter from a statement made by an oil company's

18 vice president (VP) about specific corrosion rates after an oil spill, and the VP was

19 directly responsible for the operations of the oil pipeline and had access to the

20 underlying corrosion data.  And in *In re VeriFone Holdings, Inc. Sec. Litig.*, 704

21 F.3d 694, 708 (9th Cir. 2012), the Ninth Circuit drew an inference of scienter from

22 statements made by a company's CEO and CFO about a merger where each had

23 internal access to financial reports and were directly involved in providing

24 information that led to the allegedly false financial statements.  There are no such

25 similar allegations of operational responsibility, involvement or internal access to

26 specific adverse reports or information about the NC4 integration as to Mr. Ellertson.

27       *Second*, the Motion demonstrated that Plaintiff's status-based allegations are

28 insufficient to allege that Mr. Ellertson as director of the board was a control person

REPLY MEMORANDUM ISO MOTION FOR JUDGEMENT ON THE PLEADINGS
CASE NO. 2:22-CV-02249-FWS-RAO

1   under Section 20(a).  (Mem. at 7-9.)  The Opposition's cited case involving a

2   director is inapposite.  In *Middlesex Ret. Sys. v. Quest Software Inc.*, 527 F. Supp. 2d

3   1164, 1193 (C.D. Cal. 2007), the court found that Section 20(a) control was

4   adequately alleged as to certain directors because they had control over and signed

5   the financial statements that were allegedly false.  Plaintiff does not allege that

6   Mr. Ellertson signed or had any involvement in disseminating the challenged

7   statements made by others.  (Mem. at 9.)

8       Moreover, the Opposition mischaracterizes the operative SAC's allegations

9   about Mr. Ellertson's status and role.  (Opp. at 10 citing SAC ¶ 42.)  Nowhere does

10  Paragraph 42 of the operative SAC allege that Mr. Ellertson had any day-to-day role

11  that was directly responsible for integrating any acquisitions.  It alleges only that

12  Mr. Ellertson stated that his "day job is M&A" and he is "just doing the M&A stuff,"

13  not that he had was responsible for integration of any acquisition.  (SAC ¶ 42.)  The

14  Opposition also makes the unsupported contention that Mr. Ellertson had "notable

15  influence over Everbridge's M&A" and points to Mr. Ellertson's challenged

16  statement itself as suggestive of control.  (Opp. at 10.)  The statement says no such

17  thing.  The operative SAC must plead factual allegations that Mr. Ellertson

18  "exercised ***actual*** power or control."  *Zucco*, 552 F.3d at 990 (emphasis added).  It

19  does not.

20  **2.  <u>The Opposition's Procedural Arguments Seeking To Avoid The Merits</u>**

21      **<u>Are Unavailing</u>**

22      *First*, Plaintiff argues that Mr. Ellertson's Rule 12(c) Motion is barred by the

23  Ninth Circuit Order under the law of the case doctrine and rule of mandate.  (Opp. at

24  5.)  But Plaintiff's own cited case holds: the "law of the case doctrine" concerns only

25  what the Ninth Circuit "actually addressed and explicitly or implicitly decided."

26  *United States. v. Garcia-Beltran*, 443 F.3d 1126, 1129-30 (9th Cir. 2006) (explaining

27  that "the lower court is so bound only as to those issues addressed by the appellate

28  court" and rejecting "law of the case" and "rule of mandate" arguments where issue

REPLY MEMORANDUM ISO MOTION FOR JUDGEMENT ON THE PLEADINGS
CASE NO. 2:22-CV-02249-FWS-RAO

1  was not addressed); *see also Liberty Mut. Ins. Co. v. E.E.O.C.*, 691 F.2d 438, 441

2  (9th Cir. 1982) (rejecting law of the case argument where appellate decision was

3  silent on the challenged issue).  And "the rule of mandate" does not prevent a court

4  from deciding an issue that is not foreclosed by, or inconsistent with, the mandate.

5  *Stacy v. Colvin*, 825 F.3d 563, 568 (9th Cir. 2016) (rejecting rule of mandate

6  argument).

7          Here, the Ninth Circuit's Order found only that Plaintiff adequately alleged

8  falsity as to Mr. Ellertson's statement.  (ECF No. 116 at 5.)  The Ninth Circuit

9  concluded that the statement "neither fell within the safe harbor nor w[as] puffery."

10  (*Id.*)  As the Opposition admits, the Ninth Circuit Order did not specifically address

11  whether the SAC pled the requisite strong inference of scienter as to Mr. Ellertson.[2]

12  (Opp. at 5-6; ECF No. 116.)  Tellingly, the Opposition argues that "the Ninth

13  Circuit—at a minimum—decided the issue by *necessary implication*."  (Opp. at 6

14  (emphasis added).)  That is incorrect.  Plaintiff points to a general statement in the

15  Ninth Circuit Order that held that "Sylebra adequately alleged scienter as to

16  Everbridge's statements concerning its integration of acquired companies and

17  revenue estimates" to argue that that finding "necessarily includes scienter for

18  Ellertson's statement."  (Opp. at 6, Exhibit A at 2; ECF No. 116 at 2.)  But nowhere

19  did the Ninth Circuit address or decide explicitly or implicitly that *Mr. Ellertson* was

20  adequately alleged to have made the NC4 statement with a "strong inference of

21  intent to deceive or deliberate recklessness."  *Nguyen v. Endologix, Inc.*, 962 F.3d

22  405, 415 (9th Cir. 2020) (affirming dismissal).

23          Moreover, the Ninth Circuit's discussion about Mr. Ellertson's statement was

24  in the context of its ***falsity*** discussion (ECF No. 116 at 5), and that was reasonable

25  because the parties' appellate briefing focused their arguments on whether

26  Mr. Ellertson's statement was protected by the PSLRA's forward-looking safe

27  _____

28  [2]    *Oregon Pub. Emps. Ret. Fund v. Apollo Grp. Inc.*, 774 F.3d 598, 607 (9th Cir. 2014) (holding that "we require that the Plaintiffs allege scienter with respect to each of the individual defendants").

REPLY MEMORANDUM ISO MOTION FOR JUDGEMENT ON THE PLEADINGS
CASE NO. 2:22-CV-02249-FWS-RAO

1  harbor or otherwise inactionable puffery.[3]  Because the Ninth Circuit Order did not

2  explicitly or implicitly address scienter specific as to Mr. Ellertson's challenged

3  statement or otherwise preclude the parties from challenging the sufficiency of such

4  allegations through a Rule 12(c) motion after remand, the Court is not precluded

5  from considering the Motion.  *Flowers v. Seki*, 176 F.3d 492, 1999 WL 197181, at

6  *1 (9th Cir. 1999) (law of the case did not bar consideration of sufficiency of

7  plaintiff's amended complaint that was not previously addressed by circuit panel).

8      The law of the case doctrine also does not foreclose this Court's consideration

9  of Mr. Ellertson's Motion because the filing of the operative SAC presents "changed

10  circumstances."  *United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998)

11  (changed circumstances is an exception to the law of the case doctrine); *Marks v.*

12  *UMG Recordings, Inc.*, No. 2-21-cv-04043, 2024 WL 1260272, at *4 (C.D. Cal.

13  Mar. 18, 2024) (granting defendants' Rule 12(c) motion for judgment on the

14  pleadings and rejecting plaintiff's law of the case argument based on changed

15  circumstances where court directed plaintiff to file an operative, third amended

16  complaint after remand and the complaint presented a changed legal theory that had

17  not been previously addressed).  Here, Plaintiff's operative SAC (1) deleted nearly

18  two-thirds of the allegations against Mr. Ellertson, (2) cabined its scienter allegations

19  as to Mr. Ellertson to vague statements made by only one confidential witness who is

20  not alleged to have any connection to him, and (3) narrowed the putative Class

21  Period.  (Mem. at 2-3.)  Contrary to Plaintiff's contention, the operative SAC is *not*

22  the "same complaint the Ninth Circuit upheld."  (Opp. at 5.)  Because neither this

23  Court nor the Ninth Circuit have explicitly or implicitly addressed the sufficiency of

24  Plaintiff's claims against Mr. Ellertson based on the sparse allegations currently

25  presented in the operative SAC, the Court can—and should—consider the viability

26

27  ───────────────

[3]   *See* Plaintiff's Opening Brief at No. 24-2474, ECF No. 13 at 56-57, 68, 71;
28  Defendants' Answering Brief, ECF No. 20 at 35, 43, 45, 47, Plaintiff's Reply Brief,
ECF No. 27 at 28, 32.

REPLY MEMORANDUM ISO MOTION FOR JUDGEMENT ON THE PLEADINGS
CASE NO. 2:22-CV-02249-FWS-RAO

1 | of those claims under a Rule 12(c) motion now that the pleadings have closed.

2 | Mr. Ellertson does not belong in this case.

3 |     *Second*, Plaintiff takes comments made by the Court at the parties'

4 | September 25, 2025 status conference (the "Status Conference") out of context in its

5 | argument that Mr. Ellertson's Motion "flouts the Court's Order." (Opp. at 4-5.) As

6 | an initial matter, at the parties' November 11, 2025 meet and confer regarding this

7 | Motion, counsel for Mr. Ellertson explained that he intended to file a Rule 12(c)

8 | motion directed at the operative SAC and detailed the specific arguments that he

9 | intended to make. At no point during that meet and confer did counsel for Plaintiff

10 | object to the Motion on the ground that it somehow violated this Court's directives at

11 | the Status Conference regarding the operative SAC.

12 |     At the Status Conference, the Court explained what it expected from counsel

13 | with respect to the process by which the parties would negotiate and stipulate to the

14 | allegations stricken by the Ninth Circuit Order and to an operative SAC, and how the

15 | Court would resolve the issue if no agreement was reached. (*See* ECF No 163-3 at

16 | 3:19-5:17.) Neither the Court's directives at the Status Conference (ECF No. 163-3),

17 | the Court's Operative Scheduling Order (ECF No. 149) nor the Court's Order re:

18 | Joint Stipulation Regarding Operative Complaint (ECF No. 151) preclude any party

19 | from filing a Rule 12(c) motion directed at any stipulated operative SAC after the

20 | pleadings closed, much less state that doing so would be "gamesmanship." (Opp. at

21 | 4.) Plaintiff's argument also ignores that in the same Joint Status Report submitted

22 | to the Court in which the parties agreed to stipulate as to what allegations were not

23 | sustained by the Ninth Circuit, the parties also agreed that the "***Parties may move for***

24 | ***judgment on the pleadings***, summary judgment and or summary adjudication."

25 | (ECF No. 145 at 7 (emphasis added).)

26 |     *Third*, Plaintiff contends that Mr. Ellertson's Rule 12(c) Motion is an

27 | "improper motion for reconsideration" of a prior adverse Rule 12(b)(6) motion.

28 | (Opp. at 6.) There is simply no prior adverse Rule 12(b)(6) decision by this Court

1  that Mr. Ellertson is asking the Court to reconsider.  Consequently, Plaintiff's

2  reliance on cases where courts rejected Rule 12(c) motions challenging the

3  sufficiency of allegations that were addressed adversely in a prior Rule 12(b)(6)

4  decision (*id.* at 6 n.2) is misplaced.  The Opposition also argues that "courts often

5  refuse to reconsider prior Rule 12(b)(6) decisions even when the plaintiff files an

6  amended complaint adding or subtracting allegations."  (Opp. at 6-7.)  But those

7  cases do not help Plaintiff because they involved situations where the added or

8  subtracted allegations did not alter allegations or claims that were previously

9  considered so there was nothing for the court to revisit.[4]  Here, in contrast, the Court

10 has never had occasion to consider and rule on the sufficiency of the allegations

11 against Mr. Ellertson as currently presented in the operative SAC.  Mr. Ellertson

12 respectfully requests that the Court do so and grant his Motion for Judgment on the

13 Pleadings and dismiss the claims against him with prejudice.

14

15

16

17

18

19

20

21

22

23

24

25
_____

[4]      *E.G. by Gonzalez v. Bond*, No. 1:16-CV-0068, 2017 WL 3493124, at *7 (N.D.
26 Tex. 2017) (amendment "does not reduce the factual allegations that were previously
found sufficient to state a claim"); *Strigliabotti v. Franklin Res., Inc.*, 398 F. Supp.
27 2d 1094, 1098 (N.D. Cal. 2005) (rejecting challenge to sufficiency of certain claims
where arguments were directed to the same allegations that were previously
28 addressed in earlier complaint and defendants merely presented a different legal
argument).

REPLY MEMORANDUM ISO MOTION FOR JUDGEMENT ON THE PLEADINGS
CASE NO. 2:22-CV-02249-FWS-RAO

1    DATED: December 16, 2025         Respectfully submitted,

2

3                                   */s/    Virginia Milstead*_____

                                   SKADDEN, ARPS, SLATE,

4                                   MEAGHER & FLOM LLP

                                  Virginia Milstead (CA #234578)

5                                   2000 Avenue of the Stars

                                  Los Angeles, CA 90067

6                                   Telephone: (213) 687-5000

                                  Fax: (213) 687-5600

7                                   virginia.milstead@skadden.com

8                                   James R. Carroll (*pro hac vice*)

                                  Michael S. Hines (*pro hac vice*)

9                                   Rene H. DuBois (*pro hac vice*)

                                  500 Boylston Street

10                                  Boston, MA 02116

                                 Telephone: (617) 573-4800

11                                 Fax: (617) 573-4822

                                james.carroll@skadden.com

12                                 michael.hines@skadden.com

                                rene.dubois@skadden.com

13

14                                 *Counsel for Defendant Jaime Ellertson*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPLY MEMORANDUM ISO MOTION FOR JUDGEMENT ON THE PLEADINGS
CASE NO. 2:22-CV-02249-FWS-RAO

1

## CERTIFICATE OF COMPLIANCE WITH L.R. 11-6.1

2      The undersigned, counsel of record for Defendant Jaime Ellerston certifies that

3  this brief contains 2,619 words, which complies with the word limit of L.R. 11-6.1.

4

5  Dated December 16, 2025                    By:   */s/ Virginia Milstead*

6                                                  VIRGINIA MILSTEAD

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPLY MEMORANDUM ISO MOTION FOR JUDGEMENT ON THE PLEADINGS
CASE NO. 2:22-CV-02249-FWS-RAO