**KIRKLAND & ELLIS LLP**

Nathaniel E. Haas (CA #324305)
nathaniel.haas@kirkland.com
2049 Century Park East, 37th Floor
Los Angeles, CA 90067
Tel:  (213) 680-8250

Mark McKane, P.C. (CA #230552)
mark.mckane@kirkland.com
555 California Street
San Francisco, CA 94104
Tel: (415) 439-1400

Jordan D. Peterson, P.C. (*pro hac vice*)
jordan.peterson@kirkland.com
601 Lexington Avenue
New York, NY 10022
Tel: (212) 446-4800

Jules H. Cantor (*pro hac vice*)
jules.cantor@kirkland.com
333 West Wolf Point Plaza
Chicago, IL 60654
Tel:  (312) 862-2000

*Attorneys for Defendants Everbridge, Inc., David Meredith, and Patrick Brickley*

*[Additional counsel listed on signature page]*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLEBRA CAPITAL PARTNERS MASTER FUND LTD, SYLEBRA CAPITAL PARC MASTER FUND, AND SYLEBRA CAPITAL MENLO MASTER FUND, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> EVERBRIDGE, INC., DAVID | Case No. 2:22-cv-02249-FWS-RAO <br><br> [~~PROPOSED~~] **STIPULATED ORDER REGARDING THE PRODUCTION OF PRIVILEGED INFORMATION** |

1

MEREDITH, PATRICK BRICKLEY, and JAIME ELLERTSON,

Defendants.

Defendant.

## STIPULATION AND [~~PROPOSED~~] ORDER

Pursuant to Rule 502(d) of the Federal Rules of Evidence, the production of any material or information protected by any applicable privilege in this Action ("Privileged Material"), whether inadvertent or otherwise, shall not be deemed to waive any privilege or work product protection in this Action or in any other federal or state proceeding.  This ESI Protocol shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

### I.    Clawback Process

Upon the discovery by the Producing Party that Privileged Material was unintentionally produced in this Action, the Producing Party shall promptly notify the Receiving Party in writing that the Producing Party is requesting the return of Privileged Material (the "Clawback Notice").  Such Clawback Notice should identify the Privileged Material by Bates number.

Without waiving the ability to challenge a clawback, a Receiving Party who discovers that Privileged Material has been produced in this Action shall promptly notify the Producing Party of the existence of such Privileged Material and request that the Producing Party confirm in writing whether it requests that such material should be returned. A Receiving Party who is notified or discovers that it may have received a protected Document must comply with Fed. R. Civ. P. 26(b)(5)(B).

2

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

If a Producing Party requests the return of such Privileged Material then in the custody of one or more parties, the Receiving Party shall—unless it contests the claim of attorney-client privilege or work product protection in accordance with sub-paragraph F—within  10 days of receipt of written notice: (i) conduct a reasonable search and inquiry to identify all copies of the Privileged Material including inclusion of the Privileged Material in work product, (ii) destroy or return to the Producing Party the Privileged Material and all copies thereof, and (iii) provide a certification of counsel that all of the Privileged Material has been returned or destroyed.  The Receiving Party shall also attempt, in good faith, to retrieve and return or destroy all copies of the Identified Materials in electronic format.  The Receiving Party may make no use of the Privileged Material during any aspect of this matter or any other matter, including in depositions or at trial, unless the Producing Party waives any protection in writing or the Privileged Material is later determined by a court to not be privileged or otherwise protected from disclosure.

The Producing Party will promptly provide a privilege log providing information required by Rule 26(b)(5) of the Federal Rules of Civil Procedure and applicable case law to the Receiving Party, in accordance with the logging requirements of the Parties' agreed-upon Stipulation Regarding the Production of Electronic Documents and Information.

## II.    Privilege Challenges

If the Producing Party requests the return of Privileged Material then in the custody of the Receiving Party, and the Receiving Party contests the clawback, they shall notify the Producing Party that they wish to challenge the Producing Party's assertion of privilege and/or work product protection for a specific document that would otherwise need to be returned under the terms of this Protocol.  The Receiving Party may sequester the document to use solely for the purposes of challenging the Producing Party's assertion.  The Parties agree that the mere fact that a document was produced in this Action does not waive any applicable privilege or protection.  The substance of the

[PROPOSED] STIPULATED PROTECTIVE ORDER

document shall not be reviewed once the Producing Party notifies the Receiving Party of the clawback.

Furthermore, if the Receiving Party intends to challenge the assertion of privilege or work product protection with respect to a specific document under this provision, the Receiving Party must notify the Producing Party within 5 business days of receiving written notice of its privileged status of the Receiving Party's grounds for the challenge. The Parties agree to meet and confer concerning any such dispute within 5 business days of receiving written notice that Privileged Material should be returned.  Should the Parties fail to resolve the dispute, the Receiving Party must within 7 business days of the meet and confer either move the Court for a determination regarding whether the specific document in question is privileged or return the Privileged Material to the Producing Party in accordance with the terms of this ESI Protocol.

The Parties may agree to extend the time periods set forth in preceding paragraph.

Disclosed Privileged Material that is sought to be reclaimed by the Parties to this Action pursuant to this Protocol shall not be used as grounds by any third party to argue that any waiver of privilege or protection has occurred by virtue of any production in this case.

To the extent a Party believes a clawback made immediately prior to a scheduled deposition impacts that deposition, the Parties will meet and confer, and a Party may seek guidance from the Court if the meet and confer does not reach a successful resolution.

[PROPOSED] STIPULATED PROTECTIVE ORDER

**IT IS SO STIPULATED.**

DATED:  November 11, 2025

By:/ s/Michael H. Rogers

**LABATON SUCHAROW LLP**
Michael P. Canty (*pro hac vice*)
Michael H. Rogers (*pro hac vice*)
Nicholas Manningham (*pro hac vice*)
140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
mcanty@labaton.com
mrogers@labaton.com
nmanningham@labaton.com

*Counsel for Lead Plaintiff and Lead Counsel for the Class*

**SAXENA WHITE P.A.**
David J. Schwartz (*pro hac vice*)
10 Bank Street
Suite 882
White Plains, NY 10606
Telephone: (914) 437-8551
Fax: (888) 631-3611
dschwartz@saxenawhite.com

*Additional Counsel for Plaintiffs*

**ROBBINS GELLER RUDMAN & DOWD LLP**

Ryan A. Llorens (225196)
Danielle S. Myers (259916)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 231-1058
Facsimile: (619) 231-7423
ryanl@rgrdlaw.com
dmyers@rgrdlaw.com

*Liaison Counsel for the Class*

Respectfully submitted,

By:  /s/ Nathaniel Hass

**KIRKLAND & ELLIS LLP**
Nathaniel E. Haas (CA # 324305)
2049 Century Park East, 37th Floor
Los Angeles, CA 90067
Telephone: (213) 680-8250
Fax: (213) 680-8500
nathaniel.haas@kirkland.com

Mark McKane (CA #230552)
555 California Street, 27th Floor
San Francisco, CA 94104
Telephone: (415) 439-1473
Fax: (415) 439-1500
mark.mckane@kirkland.com

Jordan D. Peterson (pro hac vice)
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Fax: (212) 446-4900
jordan.peterson@kirkland.com

Jules H. Cantor (pro hac vice)
333 W. Wolf Point Plaza
Chicago, IL 60654
Telephone: (312) 862-0708
Fax: (312) 862-2200
jules.cantor@kirkland.com

*Counsel for Defendants Everbridge, Inc., Patrick Brickley, and David Meredith*

By:  /s/ Virginia Milstead

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
Virginia Milstead (CA #234578)
2000 Avenue of the Stars
Los Angeles, CA 90067
Telephone: (213) 687-5000
Fax: (213) 687-5600
virginia.milstead@skadden.com

James R. Carroll (pro hac vice)
Michael S. Hines (pro hac vice)
Rene H. DuBois (pro hac vice)
500 Boylston Street

[PROPOSED] STIPULATED PROTECTIVE ORDER

Boston, MA 02116
Telephone: (617) 573-4800
Fax: (617) 573-4822
james.carroll@skadden.com
michael.hines@skadden.com
rene.dubois@skadden.com

*Counsel for Defendant Jamie Ellertson*

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED: _____2/2/2026_____


_Rozella A. Oliver_

Honorable Rozella A. Oliver
United States Magistrate Judge

7

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

## <u>ATTESTATION OF COMPLIANCE</u>

Pursuant to L.R. 5-4.3.4, the filer, Nathaniel E. Hass, attests that all other signatories listed, and on whose behalf the filing is being submitted, concur in the filing's content and have authorized the filing.

Dated: November 12, 2025

Respectfully submitted,

By: */s/Nathaniel Hass*
Nathaniel Edward Haas
**KIRKLAND & ELLIS LLP**
555 South Flower Street, Suite 3700
Los Angeles, CA 90071
Tel: +(213) 680 8634
nathaniel.haas@kirkland.com

Mark McKane, P.C. (CA #230552)
**KIRKLAND & ELLIS LLP**
555 California Street
San Francisco, CA 94104
Tel: (415) 439-1400
mark.mckane@kirkland.com

Jordan D. Peterson, P.C. (*pro hac vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue New York, NY 10022
Tel: (212) 446-4800
jordan.peterson@kirkland.com

Jules H. Cantor (*pro hac vice*)
333 West Wolf Point Plaza Chicago, IL 60654
Tel: (312) 862-2000
jules.cantor@kirkland.com

*Attorneys for Defendants Everbridge, Inc., David Meredith, Patrick Brickley*

8
[PROPOSED] STIPULATED PROTECTIVE ORDER